■ IRENE SCHLEIMER, Appellant, v. EMPIRE MUTUAL INSURANCE COMPANY, Respondent.— Order, Appellate Term, Supreme Court, First Department, affirmed, and that the respondent shall recover of the appellant $60 costs and disbursements of this appeal. Concur — McGivern, P. J., Steuer, Tilzer and Lane, JJ.; Kupferman, J., dissents on the dissenting opinion of Markowitz, J., at the Appellate Term. No opinion. [71 Misc 2d 1014.]

■ In the Matter of FRANK H. MAURIZIO et al., Appellants, v. HARRY I. BRONSTEIN, as City Personnel Director, Department of Personnel and as Chairman of the Civil Service Commission of the City of New York, et al., Respondents, and JAMES FLANAGAN, JR., et al., Intervenors-Respondents.— Judgment, Supreme Court, New York County, entered on May 22, 1973, unanimously affirmed, without costs and without disbursements. Concur — McGivern, P. J., Nunez and Macken, JJ.; Kupferman, J., concurs on constraint of *Matter of Maurizio* (39 A D 2d 524). No opinion.

■ In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property, Bounded by Rider Avenue, and Other Streets, in the Borough of The Bronx, Duly Selected as a Site for Intermediate School 183. SOLA METAL CO., INC., Respondent-Appellant.— Decree, Supreme Court, Bronx County, entered on April 24, 1972, unanimously modified, on the law and the facts, by decreasing the award on Damage Parcel No. 2 from $253,200 to $234,600 and, as so modified, affirmed. The City of New York shall recover of claimant-respondent-appellant $60 costs and disbursements of this appeal. The property involved in these appeals is Damage Parcel No. 2 located on Rider Avenue between 140th and 141st Streets in the Bronx. There is no objection to the land value found by the court. The city appeals from the award made for the buildings, and the claimant, by separate appeal, from the award for fixtures. As to the latter we are in accord with the findings and disposition of Trial Term. The premises in question were operated as a junk yard. There were eight structures on the land. They were all put up over 50 years ago, though one was remodeled in 1952. Six of the buildings were open sheds used for storage purposes and were mere shells providing partial protection against the elements. The remodeled structure was used as an office, and another of the sheds was used as a garage. Claimant argues that these structures should be evaluated by reproduction cost. The court found that these buildings constituted a nondescript collection which would not be reproduced and could be used for any number of different enterprises. Thus a finding of specialty is precluded. Claimant urged, and the court agreed, that reproduction cost should be used because it was impossible under the conditions to ascertain the figures from which an economic value could be calculated. While it must be recognized that buildings of this character are seldom rented and hence a basis for comparison requires considerable adjustment as to the locality, nature and condition of the buildings, the ascertainment of a comparable basis is not impossible. In fact, the court did so find in the original decree. We find this proof under the circumstances to be adequate and representative of a more realistic guide to value than the estimates of reproduction cost. The modification reduces the award for buildings to the amount found by the court to be the economic value of the structures, namely, $40,400. Settle order on notice. Concur — Kupferman, J. P., Steuer, Tilzer and Capozzoli, JJ.