SCHOLNICK'S IMPORTERS-CLOTHIERS, INC v LENT

Docket No. 68247. Submitted August 9, 1983, at Detroit.—Decided October 25, 1983. Leave to appeal applied for.

Scholnick's Importers-Clothiers, Inc., filed two lawsuits against James Lent, doing business as Lent's Retail Sales and Lent's Custom Clothes. One lawsuit was filed in federal district court, the other in Wayne Circuit Court. Defendant Lent then filed a third-party complaint against Ivan Scholnick. The parties, after lengthy negotiations, placed on the record in Wayne Circuit Court the terms of a settlement agreement. The parties subsequently could not agree on the language to be used in the order dismissing the action in the circuit court. Defendant Lent moved for the entry of his proposed order. The court, John D. O'Hair, J., over the objections of the Scholnicks, both the plaintiff and the third-party defendant, entered the order of dismissal drafted by Lent. The Scholnicks thereafter failed to pay certain sums due Lent as specified in the order of dismissal and Lent filed an application to vacate the order of dismissal and for entry of judgment. The court, John D. O'Hair, J., entered judgment in Lent's favor against the Scholnicks in the sum of $20,000 as set forth in the settlement agreement. The Scholnicks appealed. *Held:*

1. The trial court did not err in entering Lent's proposed order of dismissal as a consent judgment even though the Scholnicks had expressly refused to give their consent to the proposed order. Oral agreement had been reached, in open court, on all material provisions of the settlement contract.

2. The case is remanded to the trial court for a determination of the relationship between the state and federal litigation, whether the state court dismissal would bar the continuation of the federal case, and whether the federal claims have been dismissed. If the federal claims have been dismissed, then the failure to include a clause in the order of dismissal providing

REFERENCES FOR POINTS IN HEADNOTES
[1] 15A Am Jur 2d, Compromise and Settlement §§ 1, 36.
   17 Am Jur 2d, Contracts §§ 22, 240-280, 286.
[2] 17 Am Jur 2d, Contracts § 260.
[3] 17 Am Jur 2d, Contracts § 18.

for dismissal of the federal claims does not constitute a material departure from the parties' agreement, contrary to the Scholnicks' contention. If the federal claims have not been dismissed, the trial court's order of judgment is stayed until such time as Lent executes the contemplated releases. In either case, the Scholnicks will remain liable on the judgment entered by the trial court as the discrepancy between the settlement terms and the order of dismissal which was entered can be resolved without prejudice to the Scholnicks by amending the order to comply with the settlement agreement.

3. The failure of the trial court to include a clause in the order of dismissal pertaining to a pending Oakland Circuit Court action involving the Scholnicks is an immaterial discrepancy between the order and the parties' agreement.

4. The Scholnicks' contention that the trial court erred in entertaining Lent's motion to enforce the penalty provision of the order of dismissal before the expiration of 20 days is rejected. The 20-day automatic stay provided by the court rules applies only to judgments, which the order of dismissal was not.

Affirmed and remanded for further proceedings.

1. CONTRACTS — LAWSUITS — SETTLEMENT AGREEMENTS.

An agreement to settle a pending lawsuit is a contract which is to be governed by the legal principles which are generally applicable to the interpretation and construction of contracts.

2. CONTRACTS — ORAL CONTRACTS — WRITTEN CONTRACTS.

Parties may make an enforceable oral contract which binds them to execute a subsequent written contract, and where agreement has been expressed on all the essential terms of the contract, the mere fact that the parties manifest an intention to prepare a written memorial of their agreement does not render the oral contract unenforceable merely because the writing is never prepared; however, if the written document is to contain any material term upon which agreement has not already been reached, there is no binding contract.

3. COURTS — CONSENT AGREEMENTS — COURT ORDERS.

A court may not enter an order pursuant to the consent of the parties which deviates in any material respect from the agreement of the parties.

*Robert V. Seymour;* and *Gromek, Bendure & Thomas* (by *Carl L. Gromek* and *Nancy L. Bosh),* of counsel, for plaintiff.

*Greenbaum, Greenbaum & Gold, P.C.* (by *Jerome B. Greenbaum*), for defendant.

Before: Bronson, P.J., and T. M. Burns and J. T. Kallman,* JJ.

Per Curiam. This appeal is the result of a business venture gone sour, resulting in the institution of two lawsuits, one in the United States District Court for the Eastern District of Michigan, and the instant matter, commenced in the Wayne County Circuit Court. Ultimately, the parties through their counsel, and Ivan Scholnick both through counsel and in his proper person, placed on the record in open court the terms of a settlement agreement. When the parties could not agree on the language to be used in the order dismissing this action, defendant (Lent) moved for the entry of his proposed order. Over the objection of plaintiff and third-party defendant (collectively referred to as Scholnick), the trial court entered the order of dismissal drafted by Lent.

Thereafter, Scholnick did not pay certain sums due to Lent within the time period specified by the order of dismissal and, pursuant to another clause contained in the order, Lent filed an application to vacate the order of dismissal and for entry of judgment. On November 5, 1982, the circuit court entered judgment in Lent's favor against Scholnick in the sum of $20,000. Scholnick now appeals as of right from that order of judgment.

In response to a notice setting this matter for trial, Ivan Scholnick and the parties' counsel negotiated a settlement over several days. They appeared before the lower court on January 25, 1982, to, in Scholnick's attorney's words, "put on the

* Circuit judge, sitting on the Court of Appeals by assignment.

record the terms of the settlement agreement which has been entered into".

The settlement agreement was very elaborate and included the following major provisions. First, the Scholnick corporation agreed to pay Lent the sum of $10,000, $2,500 to be paid on or before March 1, 1982, and $500 to be paid on the first day of each succeeding month until the total amount was paid. Second, Ivan Scholnick agreed to personally guarantee payment of that obligation and further agreed that, in the event of the corporation's default, all sanctions available against the corporation would apply to him in his individual capacity. Third, a stipulation and order dismissing this action were to be prepared and entered. Those documents would contain the proviso that, if any payments were not made in the manner described above, the court would, on Lent's application, set aside the order of dismissal and enter judgment for twice the amount of the balance then due under the payment schedule. Fourth, the parties agreed that there would be no grace period in respect to the required monthly payments. Fifth, the parties agreed to execute releases which would discharge all claims between the parties, including the claims pending in federal court. Sixth, Lent agreed to terminate any financing statement filed in connection with this case under the Uniform Commercial Code. Seventh, if a certain lawsuit involving Scholnick in the Oakland County Circuit Court should happen to be settled on or before April 1, 1982, Lent would receive 50% of any recovery over $75,000.

The parties were unable to agree on the written language to be employed in the settlement documents. Consequently Scholnick paid $2,500 into an escrow account on March 1, 1982, and thereafter

made deposits in the amount of $500 into this account on April 1, May 1, and June 1, 1982. Negotiations as to the language to be used in the settlement documents then broke down.

After these negotiations terminated, Lent moved for entry of his proposed order of dismissal. A hearing was held on the motion on October 8, 1982. Scholnick opposed entry of the order primarily on the basis that there was no settlement because the parties had been unable to agree on the language of the written documents. Scholnick further objected because the proposed order did not provide for the execution of releases in respect to the pending federal action.

The court took the matter under advisement and, on October 13, 1982, entered the proposed order of dismissal drafted by Lent. The order gave Scholnick five days to pay all sums then due under the terms of the oral agreement as specified in open court on January 25, 1982.

Scholnick did not make the payments required by the order of dismissal. Thus, on October 20, 1982, Lent filed his application to vacate the order and for entry of judgment. On October 21, 1982, Scholnick filed a motion for rehearing to set aside the order of dismissal and to stay enforcement of the order. The parties' motions were heard on November 5, 1982, and Lent's motion to vacate the order of dismissal and for entry of judgment was granted.

Scholnick first contends that the trial court erred in entering Lent's proposed order of dismissal as a consent judgment because it had expressly refused to give its consent. Scholnick asserts that it was the intent of the parties to continue negotiations until a written agreement was entered into and that no agreement would be

binding until it was reduced to writing. Lent, on the other hand, states that it was the intent of the parties to be bound by the oral agreement, citing GCR 1963, 507.9, which indicates that agreements are not binding unless in writing subscribed by the party against whom the agreement is asserted or that party's attorney *or unless the agreement has been made in open court.*

An agreement to settle a pending lawsuit is a contract which is to be governed by the legal principles which are generally applicable to the interpretation and construction of contracts. *Mastaw v Naiukow,* 105 Mich App 25, 28-29; 306 NW2d 378 (1981). It is clearly possible for parties to make an enforceable contract which binds them to execute a subsequent written agreement. However, where agreement has been expressed on all the essential terms of the contract, the mere fact that the parties manifest an intention to prepare a written memorial of their agreement does not render the oral contract unenforceable merely because the writing is never prepared. On the other hand, if the written document is to contain any material term upon which agreement has not already been reached, there is no binding contract. *Northern Ins Co of New York v B Elliott, Ltd,* 117 Mich App 308, 325-326; 323 NW2d 683 (1982), *lv den* 417 Mich 968 (1983).

Scholnick relies on a statement made by its attorney during the course of the proceedings on January 25, 1982, to show that agreement had not been reached on all of the essential terms of the settlement. After setting forth the major provisions of the agreement, Scholnick's attorney said, "Your Honor, I don't think that I have covered every possible minor detail, but I think that is the skeleton of our agreement."

We first note that, even had the settlement hearing ended after Scholnick's attorney's statement, we would not be compelled to find that oral agreement had not been reached on all material provisions of the settlement contract. The attorney merely indicated that he had not covered "every possible minor detail" of the agreement. At no time did he suggest that some essential term or terms remained to be negotiated. In any case, after this statement by Scholnick's attorney, further details of the settlement agreement were placed on the record. The parties' attorneys consistently referred to "the settlement agreement" or to what had been agreed to and Ivan Scholnick stated in open court that the details of the agreement as recited in open court were satisfactory to him and that he understood various key provisions of the agreement. The transcript of the settlement hearing fails to support Scholnick's contention that the parties did not intend the case to be deemed settled until the settlement agreements were executed.[1]

---

[1] Clearly, the parties were motivated to reach a settlement so as to avoid having the matter set for trial. If either party did not intend the terms of the settlement agreement to be binding until further negotiations resulted in the execution of all of the contemplated documents, this was information which should have been divulged to the trial court. The trial court would then have been in a position to assess whether the matter should be set for trial, whether to order a further settlement hearing, or whether to take some other action consistent with the circumstances of the case. To withhold information concerning the parties' intent of the nature alleged here is simply to take advantage of the trial court. A trial court has the right to expect that when parties appear before it claiming to have reached settlement, that the parties have, in fact, entered into an agreement. As this Court stated in *Meyer v Rosenbaum,* 71 Mich App 388, 393; 248 NW2d 558 (1976):

"As a matter of public policy, it is extremely difficult to find any rationale for permitting a litigant to eschew a bargain knowingly made in open court, on the record of the court, and with the intent that the court and opposite party should rely thereon. * * * A great many, if not most, settlements are arrived at on the day of joust, when the jury is in attendance and the judge is waiting with instruc-

Scholnick next asserts that, even if a binding settlement agreement had been placed on the record, the lower court erred in entering judgment pursuant to the agreement because the order of dismissal actually entered by the court failed to comply with the agreement as orally set out in open court on January 25, 1982. Scholnick asserts that the following were material discrepancies between the settlement as stated in open court and as actually entered by the trial judge: (1) the order of dismissal did not provide for the execution of mutual releases of the pending federal action, (2) the order of dismissal did not refer to the litigation involving Scholnick in the Oakland County Circuit Court, and (3) the order of dismissal included a new provision not discussed by the parties; namely, that Scholnick would have

tions hopefully prepared. The attorneys then must be able to rely upon the knowledge that any stipulated agreement that they make will be final and binding on both parties. Otherwise, it will be extremely difficult to arrive at settlement, since the prepared litigant may not be willing to lose his day in court and be placed at the bottom of a ladder which may take him two years to climb.

"It is important that parties be able to settle cases fairly and finally on the record, and such settlements should not be upset because of any subjective hesitation or secret reservation on the part of either party."

In this case, the trial court said during the hearing on Scholnick's motion for rehearing:

"Ultimately I was advised the matter was going to be resolved by a settlement. The settlement agreement is placed upon the record. I have reviewed a copy of the transcript reflecting that agreement.

"[Lent's attorney's] order of dismissal comported with the terms of the agreement set forth in open court on this record.

"Now, what the parties or their counsel did outside of the courtroom, whatever secondary agreements or private agreements they had, I don't know, and frankly I don't think I should be concerned with them.

"The point is, you entered into a binding agreement in open court and you should be held to that agreement. Particularly under the circumstances where so much time was committed to the settlement and here we are, ten months, eleven months, close to eleven months and we have made no further progress, if your position is correct, and I don't think it is."

five days to make the payments then due under the oral settlement agreement before Lent could apply to set aside the order of dismissal and for entry of judgment.

We agree with Scholnick that a court may not permissibly enter an order pursuant to the consent of the parties which deviates in any material respect from the agreement of the parties. We disagree, however, that this general proposition entitles Scholnick to reversal in this case.

The issue of the failure of the order of dismissal to provide for the execution of mutual releases of the parties' pending federal claims was raised before the trial court. The court apparently accepted Lent's argument that the state court dismissal would be res judicata as to the related federal litigation. Cf. *Brownridge v Michigan Mutual Ins Co,* 115 Mich App 745; 321 NW2d 798 (1982) (voluntary dismissal of a federal action with prejudice is res judicata and bars a lawsuit in state court on related claims under state law where the two actions arose out of the same transaction, even though the federal court could have declined to hear the state claims had they been brought as part of the original federal action). Lent's attorney asserted before the circuit court judge that he had tried to dismiss the federal case, but that the federal district judge was waiting for an order dismissing the state action.[2] Lent represents on

---

[2] Lent's counsel represented:

"This transcript indicates that we had agreed that while Mr. Scholni[c]k would not stipulate to a discontinuance in the federal court, he would sign a release doing so. We are willing to accept a discontinuance of this case, because once it has been discontinued it is either collateral estoppel or a res judicata. We think res judicata, because it *[sic]* affected the issues are the same and the parties are the same. Nothing more need be done with respect to the federal case except to then file the motion, which was contemplated anyway, for dismissal of the case, and show the settlement of this case in the order dismissing it. The case—as a matter of fact, the settlement, in

appeal that the federal claims have been dismissed.

Because, on the record before us, we cannot definitively determine the relationship between the state and federal litigation, whether the state court dismissal would bar the continuation of the federal case, or whether the federal claims have been dismissed, we remand this matter to the trial court. If the federal claims have been dismissed as contemplated by the settlement agreement as placed on the record on January 25, 1982, as we strongly suspect that they have been, then the failure to include a clause in the order of dismissal providing for dismissal of the federal claims does not constitute a material departure from the parties' agreement. If the federal claims have not been dismissed, the trial court's order of judgment is stayed until such time as Lent executes the contemplated releases.[3] In either case, Scholnick will remain liable on the judgment entered by the trial court as the discrepancy between the settlement terms and the order of dismissal which was

the transcript, * * * indicates that we would be bringing in a motion to dismiss the claims, his claims in the federal court and they would not contest to that motion.

"In fact, we did file the motion based on the fact that we thought we had resolved the matter. They did contest it. But, I think once we file an order dismissing their claims with prejudice, I think that should—that's all Judge Guy is waiting for in order for him to make a decision on that motion that would effectively, whether there's a settlement in the case or not or whether we have to be heard by Judge Guy on October 20, that would dispose of the issues between us in the federal case."

[3] We note that the parties contemplated releases of the claims between them in only this and the related federal action. Had the releases been intended to include special provisions which would not be automatically satisfied by dismissal of both this and the federal litigation with prejudice, Scholnick's argument would be much more compelling.

In the event that the releases are to be executed and the parties cannot agree on the language to be employed, the trial court is to resolve this problem.

entered can be resolved without prejudice to Scholnick by amending the order to comply with the settlement agreement. See *Michigan National Bank of Detroit v Patmon,* 119 Mich App 772, 779; 327 NW2d 355 (1982).

The failure of the trial court to include a clause in the order of dismissal pertaining to the pending Oakland County Circuit Court action involving Scholnick is an immaterial discrepancy between the order and the parties' agreement, as Scholnick admits that this part of the agreement is now incapable of being performed.

The court's inclusion of a provision in the order of dismissal giving Scholnick five days to pay the amounts then due under the terms of payment schedule to which the parties agreed on January 25, 1982, is a material discrepancy between the order and the agreement. However, this material discrepancy benefitted Scholnick in that it gave Scholnick an extended grace period in which to make the payments—a grace period which the parties had disavowed during the settlement hearing.

Scholnick lastly contends that the trial court erred in entertaining Lent's motion to enforce the penalty provision of the order of dismissal before the expiration of 20 days, citing GCR 1963, 530.1. However, as Lent notes, the 20-day automatic stay period of GCR 1963, 530.1 applies only to judgments, which the order of dismissal was not. The order of judgment was not entered until November 5, 1982, following Scholnick's failure to abide by the payment schedule appearing in the order of dismissal. From that order, Scholnick was entitled to an automatic 20-day stay.[4]

___

[4] Scholnick also asserts the penalty under the order of dismissal should only amount to $12,000, contending that $4,000 had been paid

Affirmed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Defendant may tax costs.

---

into an escrow account and, thus, should be deemed "paid" for purposes of settlement agreement. We disagree. The order of dismissal required Scholnick to transmit payment to Lent's attorney—not to place the funds in an escrow account to which Lent's attorney did not have access.