JACKSON DISTRICT LIBRARY v JACKSON COUNTY #2

Docket No. 80611. Submitted June 10, 1985, at Lansing.—Decided
October 9, 1985. Leave to appeal applied for.

In 1977, the voters of Jackson County and the City of Jackson
approved a 20-year levy of one mill in property taxes to be used
exclusively to establish and operate a single public library
system in Jackson County. The Jackson District Library came
into being on January 1, 1978, pursuant to an agreement
between the county and the city. In November, 1982, the
Jackson County Board of Commissioners rolled back the library
district's one mill levy to .9651 mill pursuant to a provision of
the General Property Tax Act which required tax rate roll-
backs when ad valorem property taxes for operating purposes
exceed a certain level. The Jackson District Library brought an
action in Jackson Circuit Court against Jackson County and
the Jackson County Board of Commissioners. In the original
complaint, the library district maintained that the library
district levy was expressly exempted from a tax rate rollback
and was separate from the county's operating fund and that,
accordingly, the county board had no authority to roll back the
district library's tax levy. The complaint was subsequently
amended to include counts seeking a declaratory judgment as
to whether the levy was subject to rollback requirements and
seeking for the district library a share of monies disbursed to
the county under the Single Business Tax Act. The county and
county board of commissioners moved for summary judgment
on the basis that the circuit court lacked subject matter juris-

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, State and Local Taxation § 718.
   See the annotations in the ALR3d/4th Quick Index under Taxes.
[2] Am Jur 2d, State and Local Taxation § 1141.
   Suspension of running a period of limitation, under 26 USCS § 6503
   for federal tax assessment or collection. 41 ALR Fed 370.
[3] Am Jur 2d, State and Local Taxation §§ 704 et seq.
   See the annotations in the ALR3d/4th Quick Index under Taxes.
[4] Am Jur 2d, Declaratory Judgments §§ 37-39, 102.
   Right to relief under 42 USCS § 198, for alleged unlawful action by
   state or local tax officials. 50 ALR Fed 773.

diction. The parties stipulated to the dismissal of the two counts which related to the tax rate rollback question and the permitting of the library district to petition for review of that question in the Tax Tribunal. The circuit court retained jurisdiction over the Single Business Tax Act count. See *Jackson District Library v Jackson County #1, ante,* p 392. In the Tax Tribunal, the district library again asserted that the district library tax levy was not subject to the tax rate rollback provisions and sought the revenues lost through the tax rate rollback. Respondents moved in the Tax Tribunal for summary judgment on the basis that petitioner had failed to state a claim upon which relief could be granted, arguing that the circuit court had in the single business tax action determined that petitioner was not an "authority" and that, since collateral estoppel precluded the relitigation of the question of whether petitioner was an "authority", the subject levy was not excluded from the operation of the rollback provision. Petitioner moved for summary judgment on the basis that it was entitled to judgment as a matter of law. The Tax Tribunal ruled that it lacked subject matter jurisdiction and that petitioner had failed to state a claim. for which relief could be granted. Petitioner appealed. *Held:*

1. The Tax Tribunal had subject matter jurisdiction, since review of the county board's determination rolling back the library district's tax levy is a proceeding for direct review of a final determination of an agency relating to a tax rate under the property tax law.

2. The 30-day limitation on the time in which to seek review before the Tax Tribunal was tolled during the pendency of the circuit court action on the rollback claims.

3. A district library created under the district library act is not an "authority" within the meaning of the tax rollback provisions of the General Property Tax Act. Accordingly, the district library's tax levy was not exempt from operation of the tax rollback provisions.

4. Since the tax rollback claims before the Tax Tribunal and the single business tax claim before the circuit court arose out of separate and distinct statutory schemes, the circuit court's determination relative to whether the district library was an "authority" under the Single Business Tax Act had no collateral estoppel effect on the Tax Tribunal's determination of whether the district library was an "authority" within the meaning of the tax rollback provisions of the General Property Tax Act.

Affirmed in part and reversed in part.

1. TAXATION — TAX TRIBUNAL — JURISDICTION — APPEAL.

Review of a determination by a county board of commissioners to roll back the tax levy of a county library district falls within the exclusive jurisdiction of the Tax Tribunal (MCL 205.731; MSA 7.650[31]).

2. TAXATION — TAX TRIBUNAL — LIMITATION OF ACTIONS.

The running of the 30-day period in the Tax Tribunal Act in which one must petition the Tax Tribunal for review is tolled where the party seeking review has within that 30-day period commenced a declaratory judgment action and acquired jurisdiction over the taxing unit in circuit court (MCL 205.735; MSA 7.650[35]).

3. TAXATION — DISTRICT LIBRARIES — TAX ROLLBACKS — COUNTIES.

A district library created under the district library act is not an authority within the meaning of the local tax rollback provisions of the General Property Tax Act, and thus a one-mill property tax levy for support of the district library system is not exempt from those rollback provisions; accordingly, a property tax levy on behalf of a library district is part of the property tax levy of the county in which the library district is located and is thus subject to the property tax rollback provisions (MCL 211.24e; MSA 7.24[5]).

4. TAXATION — TAX TRIBUNAL — CIRCUIT COURT — COLLATERAL ESTOPPEL.

A circuit court determination in a declaratory judgment action brought by a district library against a county and its board of commissioners that the district library is not an "authority" within the meaning of the Single Business Tax Act does not have collateral estoppel effect on the consideration by the Tax Tribunal of a dispute between the same parties over whether the district library is an "authority" within the meaning of the ad valorem tax rollback provision, since the ultimate questions in the two actions turn on the meaning of language found in separate taxing schemes.

*Robert D. Flack,* for petitioner.

*Edward J. Grant,* Prosecuting Attorney, and *Brian E. Thiede,* Chief Appellate Attorney, for respondents.

Before: MacKENZIE, P.J., and HOOD and J. MIES,* JJ.

PER CURIAM. Petitioner, the Jackson District Library, appeals as of right from the Tax Tribunal's grant of summary judgment in favor of respondents, Jackson County and the Jackson County Board of Commissioners, on petitioner's claim that a one-mill tax levy for petitioner's use was not subject to a rollback under MCL 211.24e; MSA 7.24(5).

In 1977, the voters of Jackson County and the City of Jackson approved a 20-year levy of one mill in property taxes, the proceeds of which were to be used exclusively to establish and operate a single public library system in Jackson County. The city and county entered into an agreement effective January 1, 1978, creating the Jackson District Library.

In November, 1982, petitioner filed a complaint in Jackson County Circuit Court alleging that at a November 10, 1982, meeting of respondent Jackson County Board of Commissioners the county's operating millage was rolled back pursuant to MCL 211.24e; MSA 7.24(5) and that an amendment was passed rolling back the one-mill levy for petitioner to 0.9651 mill pursuant to the same statute. Petitioner maintained that the levy was expressly exempted from a rollback and that it was separate from the county's operating funds, so that the board had no authorization to take this action. The complaint was subsequently amended to add a second count seeking a declaratory judgment as to whether the one-mill levy was subject to the MCL 211.24e; MSA 7.24(5) rollback requirements and, if so, which party was authorized to conduct a statutory public hearing to avoid the

* Circuit judge, sitting on the Court of Appeals by assignment.

rollback. Petitioner also added a third count seeking its share of monies disbursed to the county under the Single Business Tax Act.

Respondents moved for summary judgment on the ground that the circuit court lacked subject-matter jurisdiction. An order was entered dismissing counts I and II by stipulation of the parties and permitting petitioner to file a petition for review in the Tax Tribunal. The circuit court retained jurisdiction over count III, which proceedings form the basis of petitioner's companion appeal to this Court. See *Jackson District Library v Jackson County #1, ante,* p 392.

The first count of petitioner's petition in the Tax Tribunal contained allegations nearly identical to those in petitioner's circuit court complaint. Petitioner requested that the tribunal determine that the one-mill levy was not subject to a rollback and that respondent board had no authority to hold a public hearing on the rollback, and further requested the tribunal to order respondents to pay petitioner revenues lost under the rollback. In count II, petitioner made the same requests for 1983 and future millage levies, alleging that a second public hearing was held by respondent board on September 8, 1983, again to determine if the full one mill should be levied.

While petitioner's Tax Tribunal review was pending, the circuit court decided petitioner's Single Business Tax Act claim. The trial court determined that petitioner was ineligible to receive a share of the single business tax revenues received by the county because petitioner could not levy a tax on its own behalf and thus was not an "authority" for purposes of that act. Based upon the circuit court ruling, respondents moved for summary judgment in the Tax Tribunal, arguing that petitioner had failed to state a claim upon which

relief could be granted. Petitioner also moved for summary judgment in the tribunal contending that it was entitled to judgment as a matter of law. Although no statement of facts was filed, an order was entered by the Tax Tribunal ruling that it did not have subject-matter jurisdiction over petitioner's claim and that petitioner had failed to state a claim for which relief could be granted.

Petitioner contends that the Tax Tribunal erred in concluding that it did not have subject-matter jurisdiction over petitioner's claim. We agree.

The Tax Tribunal Act provides:

"The tribunal's exclusive and original jurisdiction shall be:

"(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.

"(b) A proceeding for refund or redetermination of a tax under the property tax laws." MCL 205.731; MSA 7.650(31).

The act defines a "proceeding" as an "appeal". MCL 205.703(d); MSA 7.650(3)(d). An "agency" includes "a board, official, or administrative agency" empowered to make decisions, findings, rulings, assessments, determinations, or orders which are subject to review under the tribunal's jurisdiction. MCL 205.703(b); MSA 7.650(3)(b).

Petitioner's claim fits the act's jurisdictional requirement. Petitioner appealed from a final determination of respondent board to rollback a tax levy pursuant to MCL 211.24e; MSA 7.24(5). Respondent board may be viewed as an "agency" for such purpose. The appeal related to a determination of rates under property tax laws, since respondent board's action was characterized as a tax rate

rollback and petitioner asserted that public hearings were held to determine if one mill should be levied. Accordingly, the tribunal had exclusive jurisdiction over petitioner's claim pursuant to MCL 205.731(a); MSA 7.650(31)(a). Because jurisdiction over respondents was obtained when petitioner originally filed its action in the circuit court, the 30-day limitation period of MCL 205.735; MSA 7.650(35) was tolled, and thus this matter was not removed from the tribunal's jurisdiction. *Wikman v Novi,* 413 Mich 617; 322 NW2d 103 (1982).

Petitioner next contends that the Tax Tribunal erred in granting respondent's motion for summary judgment. Petitioner argues that, as a matter of law, it is an "authority" exempt from the rollback provisions of MCL 211.24e; MSA 7.24(5), so that respondent board was precluded from spreading less than the one-mill levy. Because the order of the Tax Tribunal does not include a concise statement of facts and conclusions of law, we are unable to discern the basis of the tribunal's ruling on respondents' motion. However, we conclude that petitioner is not an "authority" and accordingly failed to state a claim upon which relief may be granted.

Where there is no applicable tribunal rule, the general court rules apply to proceedings before the tribunal. 1979 AC, R 205.1111(3). Respondents moved for summary judgment under GCR 1963, 117.2(1). This motion challenges the legal adequacy of the pleadings. The test to be applied is whether petitioner's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. All well-pleaded facts should be accepted as true. *Abel v Eli Lilly & Co,* 418 Mich 311, 323-324; 343 NW2d 164 (1984), *reh den* 419 Mich 1201, 1214

(1984); *cert den* — US —; 105 S Ct 123; 83 L Ed 2d 65 (1984).

MCL 211.24e; MSA 7.24(5) places a limit on the amount of ad valorem taxes which may be levied by a taxing unit for operating purposes. Application of this section apparently resulted in a roll-back of the county's property tax levy. To levy additional amounts, § 24e requires a public hearing and adoption of a separate resolution. The critical provision, § 24e(11), provides:

"This section shall apply to a fiscal year of a taxing unit for which ad valorem property taxes are levied in 1982 or in any year thereafter. This section shall not apply for the ensuing fiscal year of a local unit of government that levied ad valorem property taxes for operating purposes of 1 mill or less for its concluding fiscal year."

"Local unit of government" and "taxing unit" are defined in § 24e(1)(g):

" 'Local unit of government' or 'taxing unit' means a city, village, township, charter township, county, charter county, local school district, intermediate school district, community college district, *or authority.*" (Emphasis added.)

The term "authority" is not defined in § 24e. Respondants argue that the Legislature used the term as it is used in Const 1963, art 9, § 6, which sets limits on general ad valorem property taxes. After specifying these limits, art 9, § 6 provides:

"The foregoing limitations shall not apply to taxes imposed for the payment of principal and interest on bonds approved by the electors or other evidences of indebtedness approved by the electors or for the payment of assessments or contract obligations in anticipation of which bonds are issued approved by the electors,

which taxes may be imposed without limitation as to rate or amount; or, subject to the provisions of Section 25 through 34 of this article, to taxes imposed for any other purpose by any city, village, charter county, charter township, charter authority or other authority, the tax limitations of which are provided by charter or by general law".

Const 1963, art 9, § 31 specifically limits taxes levied by "units of local government" and is implemented by MCL 211.34d; MSA 7.52(4).

The fundamental rule of statutory construction is that the Legislature's intent must be ascertained and given effect. *Production Credit Ass'n of Lansing v Treasury Dep't,* 404 Mich 301, 311; 273 NW2d 10 (1978). Interpretations to determine legislative intent require a consideration of the act as a whole. *Metropolitan Council No 23, AFSCME v Oakland County Prosecutor,* 409 Mich 299, 317-318; 294 NW2d 578 (1980). A consideration of how § 24e fits into the entire scheme of ad valorem property taxation suggests that the term "authority" as used in § 24e has the same meaning as it does in Const 1963, art 9, § 6, since property tax limitation is the motivating force in both provisions. Thus, we conclude that the Legislature intended the term "authority" in the statute to have the same meaning that it has in the constitution's tax limitation provision.

Having found that the term "authority" in § 24e has the same meaning as it does in Const 1963, art 9, § 6, it is clear that the Legislature did not regard a district library as an "authority" for purposes of the rollback provision. Petitioner was created pursuant to the district library act, MCL 397.271; MSA 15.1780(1), which provides:

"Any municipality empowered by law to establish or maintain libraries or library services may cooperatively

develop a plan and unite with any other municipality or municipalities for the establishment and operation of a district library.

"The term 'municipalities' as used in this act shall include cities, villages, school districts, townships and counties."

Section 4a of the act expressly provides:

"The municipalities which unite for the establishment and operation of a district library pursuant to section 2(2) of this act shall constitute an authority under section 6 of article 9 of the state constitution of 1963." MCL 397.274a; MSA 15.1780(4a).

It is plain that the intent of the Legislature was that the constituent municipalities, and *not* the district library, constitute an "authority" under the act. Effect must be given to this clear and unambiguous language. *MacQueen v Port Huron City Comm,* 194 Mich 328, 342; 160 NW 627 (1916). Since petitioner is not an authority within the meaning of § 24e, the one-mill levy must be considered part of respondent county's tax levy and is not exempt from rollback under § 24e.

Respondents argue that, because the circuit court ruled not only that petitioner was not an "authority" for purposes of petitioner's single business tax act claim but also was not an "authority" within the district library act, collateral estoppel precluded a redetermination of petitioner's status as an "authority" by the Tax Tribunal. The argument is without merit. Collateral estoppel bars relitigation of issues which have been decided in a prior action where a subsequent action between the same parties is brought. The same ultimate issues must be involved in the subsequent action and the parties must have had a full opportunity to litigate those ultimate issues in the prior action.

Where the trier of fact makes findings of fact on which the judgment does not depend, those findings are not conclusive between the parties in a subsequent case based upon a different cause of action. *Rinaldi v Rinaldi,* 122 Mich App 391, 398-400; 333 NW2d 61 (1983). Because an entirely different taxation scheme was at issue in the circuit court, that court's determination of whether petitioner was an "authority" for purposes of the Single Business Tax Act was not pertinent to the claims before the Tax Tribunal. To the extent that the court examined the language of Const 1963, art 9, § 6 in reaching its determination on the Single Business Tax Act claim, the court made superfluous findings which we decline to find conclusive.

Insofar as the order of the Tax Tribunal ruled that the tribunal lacked subject-matter jurisdiction over petitioner's claim, the order is reversed. That portion of the Tax Tribunal order granting respondents' motion for summary judgment is affirmed.

Affirmed in part and reversed in part.