DEPARTMENT OF NATURAL RESOURCES v HOLLOWAY
CONSTRUCTION COMPANY

Docket No. 121265. Submitted February 13, 1991, at Detroit. Decided
August 23, 1991; approved for publication November 14, 1991,
at 9:00 A.M.

The Department of Natural Resources brought an action in the
Monroe Circuit Court against Holloway Construction Company
and others, seeking to have civil damages and penalties as-
sessed against the defendants and to have the defendants
enjoined from conducting certain activities on wetlands owned
by the defendants. The defendants counterclaimed, seeking a
declaration that the property regulated by the DNR is not
actually wetland and that the regulation constituted an unlaw-
ful taking without just compensation. The DNR moved for
summary disposition of the counterclaim on the basis that the
Court of Claims had exclusive jurisdiction of the counterclaim.
The court, Daniel L. Sullivan, J., granted the motion. Holloway
Construction Company appealed.

The Court of Appeals *held:*

The Court of Claims is the exclusive forum in which to seek
damages from the state for an alleged taking of an owner's
property without just compensation. The trial court properly
granted the DNR's motion for summary disposition of the coun-
terclaim.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Thomas J. Emery* and *Leo H. Friedman,* Assistant Attorneys General, for the plaintiff.

*Hyman & Lippitt* (by *J. Leonard Hyman*), for Holloway Construction Company.

Before: MACKENZIE, P.J., and GRIBBS and GRIFFIN, JJ.

PER CURIAM. This action began when the De-

partment of Natural Resources filed a complaint seeking to have civil penalties assessed against defendants and to have defendants enjoined from conducting certain activities on wetlands owned by defendants. Defendants responded with a counterclaim, claiming that the property regulated by the DNR is not actually wetlands, so that regulation constituted an unlawful taking of defendants' property without just compensation. The DNR moved for summary disposition, which the trial court granted, on the grounds that the Court of Claims had exclusive subject-matter jurisdiction of defendants' counterclaim. Defendant Holloway Construction Company now appeals as of right. We affirm.

Defendant argues that the court erred in declaring that it lacked subject-matter jurisdiction of the counterclaim. Whether subject-matter jurisdiction exists is a question of law for the court. MCR 2.116(C)(4). Accordingly, the issue is reviewed de novo. *People v Slipson,* 428 Mich 858; 399 NW2d 394 (1987).

A circuit court has no jurisdiction to issue a declaratory judgment unless it has jurisdiction of the underlying controversy. *Boyd v Nelson Credit Centers, Inc,* 132 Mich App 774; 348 NW2d 25 (1984). The Court of Claims has exclusive jurisdiction of all claims against the state and any of its departments. MCL 600.6419(1)(a); MSA 27A.6419(1)(a). The Court of Claims is the exclusive forum in which to seek damages for an alleged taking of an owner's property without just compensation. *Lim v Dep't of Transportation,* 167 Mich App 751; 423 NW2d 343 (1988).

This precludes the circuit court from addressing defendants' request for a declaratory judgment that the DNR's regulation constituted an unlawful taking of property without just compensation.

Affirmed.