BOARD OF COUNTY ROAD COMMISSIONERS FOR THE COUNTY
OF EATON v SCHULTZ

Docket No. 141588. Submitted December 7, 1993, at Lansing. Decided
May 17, 1994, at 9:20 A.M.

The Board of County Road Commissioners of the County of Eaton
brought an action in the Eaton Circuit Court against Darrell
M. Schultz, seeking damages resulting from an alleged breach
of contract. The board sought recovery of the costs incurred in
having to defend a negligence action Schultz brought in the
district court, seeking damages for injuries his horse sustained
as a result of stepping into a hole in a culvert. The district
court action was dismissed with prejudice pursuant to a stipula-
tion "that in exchange for [the board's] not pursuing [Schultz]
for costs [Schultz agreed] to dismiss with prejudice and without
cost his claims against [the board]." The board also sought in
the circuit court action recovery of the costs of defending a
second suit Schultz filed against it in the district court after the
dismissal of the first action. That action alleged that the hole in
the culvert constituted an intrusive nuisance. The district court
denied the board's motion for summary disposition of the
second action on res judicata grounds, but granted the board's
motion for summary disposition of that action on governmental
immunity grounds and dismissed the intrusive nuisance suit.
The circuit court, Thomas S. Eveland, J., granted Schultz'
motion for summary disposition, finding that the court lacked
subject-matter jurisdiction, that the suit was barred by res
judicata, and that the board had failed to state a claim upon
which relief could be granted. The board appealed.

The Court of Appeals *held:*

1. The circuit court erred in granting summary disposition
pursuant to MCR 2.116(C)(4). The claim properly was filed in
the circuit court and the court had jurisdiction with regard to
the action.

2. The circuit court erred in granting summary·disposition

REFERENCES

Am Jur 2d, Courts § 87; Judgments §§ 404, 406-418, 430-437; Stipu-
lations § 7.
See ALR Index under Jurisdiction; Motions; Res Judicata.

pursuant to MCR 2.116(C)(7) based on principles of res judicata and collateral estoppel. The board's breach of contract action was not and could not have been decided in Schultz' intrusive nuisance suit because the same evidence would not sustain both actions. The most that was decided in the intrusive nuisance suit concerning the parties' stipulation was that the stipulation did not operate as a release, and, therefore, the defense of release was an unsuccessful defense for the board. Causes of action and defenses are not interchangeable. Collateral estoppel does not bar the board's breach of contract action because any question regarding the effect of the stipulation was not essential to the judgment in the intrusive nuisance action, which was based on governmental immunity.

3. The board's assertion that the stipulation constitutes a contract is not so clearly unenforceable that no factual development could justify its right to recover. The circuit court erred in granting summary disposition pursuant to MCR 2.116(C)(8). The board stated a claim upon which it may recover. The grant of summary disposition must be reversed and the case remanded for reinstatement of the contract claim and further proceedings.

Reversed and remanded.

Reilly, J., concurring, stated that the breach of contract action was not barred by res judicata or collateral estoppel because the district court's interpretation of the stipulation in the intrusive nuisance case was only dicta, not being necessary for the resolution of the controlling issue upon which summary disposition was granted, i.e., governmental immunity, and is not binding on the parties in this action.

1. Motions and Orders — Summary Disposition — Subject-Matter Jurisdiction — Appeal.

Whether subject-matter jurisdiction exists is a question of law for the court, and is subject to review de novo by the Court of Appeals (MCR 2.116[C][4]).

2. Actions — Res Judicata — Causes of Action — Defenses.

Causes of action and defenses are not interchangeable for purposes of the doctrine of res judicata.

3. Estoppel — Collateral Estoppel.

For collateral estoppel to apply, the ultimate issue to be concluded in the second action must be the same as that involved in the first action; the issues must be identical, not merely similar, and the ultimate issues must have been both actually and necessarily litigated in the first action; to be necessarily

determined in the first action, the issue must have been essential to the resulting judgment; a finding upon which the judgment did not depend cannot support collateral estoppel.

4. ESTOPPEL — COLLATERAL ESTOPPEL.

A party who loses on one defense but ultimately is successful on another defense in the same proceeding is not obligated to appeal the unfavorable disposition regarding the losing defense in order to avoid being bound by it in subsequent proceedings pursuant to the doctrine of collateral estoppel.

5. CONTRACTS — STIPULATIONS FOR THE SETTLEMENT OF PENDING LAWSUITS — JUDICIAL CONSTRUCTION.

An agreement or stipulation for the settlement of a pending lawsuit properly is construed in the same manner as a contract and is governed by the legal principles applicable to the construction and interpretation of contracts.

*Foster, Swift, Collins & Smith, P.C.* (by *Webb A. Smith* and *Frank A. Fleischmann*), for the plaintiff.

UAW-GM Legal Services Plan (by *Karen T. Nichols*), for the defendant.

Before: TAYLOR, P.J., and REILLY and M. J. TALBOT,* JJ.

PER CURIAM. Plaintiff appeals as of right a May 21, 1991, circuit court order granting summary disposition to defendant Schultz pursuant to MCR 2.116(C)(4) (lack of subject-matter jurisdiction), (C)(7) (suit barred by res judicata), and (C)(8) (failure to state a claim upon which relief may be granted). We reverse and remand for reinstatement of plaintiff's breach of contract action.

The facts are essentially undisputed. On June 3, 1988, defendant Schultz filed a negligence suit in the district court against plaintiff board of road commissioners, seeking damages for injuries his horse sustained as a result of its stepping into a

* Circuit judge, sitting on the Court of Appeals by assignment.

hole in a culvert. On September 21, 1988, the
parties stipulated to dismissal of the negligence
suit. The stipulation contains the following lan-
guage:

> Now come the parties by their respective coun-
> sel and hereby stipulate and agree, that in ex-
> change for not pursuing Plaintiff [defendant
> Schultz herein] for costs, Plaintiff has agreed to
> dismiss with prejudice and without cost his claims
> against Board of County Road Commissioners of
> the County of Eaton.

Accordingly, Schultz' suit was dismissed with prej-
udice. Thereafter, Schultz filed another suit in the
district court against the board, alleging that the
hole in the culvert constituted an "intrusive nui-
sance." The board moved for summary disposition
on the ground that the suit was barred by the
doctrine of res judicata. When the court denied
that motion, the board moved for summary dispo-
sition for failure to state a claim in avoidance of
governmental immunity, which the district court
granted, and Schultz' "intrusive nuisance" suit
was dismissed.

Then the board filed a complaint against Schultz
in the circuit court, alleging breach of contract
and seeking recovery of the costs incurred in
having to defend the initial suit as well as the
subsequent one. Schultz moved for summary dispo-
sition, claiming that the court lacked subject-mat-
ter jurisdiction, that the suit was barred because
of res judicata, and that the board had failed to
state a claim. The court granted the motion on all
the above-stated grounds. It is from this May 21,
1991, order granting summary disposition that the
board now appeals.

Plaintiff board first argues that the trial court
erred in granting summary disposition under MCR

2.116(C)(4). We agree. In granting the motion, the court did not specifically address whether it had subject-matter jurisdiction.[1] Whether subject-matter jurisdiction exists is a question of law for the court. *Dep't of Natural Resources v Holloway Construction Co,* 191 Mich App 704, 705; 478 NW2d 677 (1991). The question is reviewed de novo in this Court. *Id.* To the extent that the court granted the motion under MCR 2.116(C)(4), that ruling was erroneous.[2]

There is nothing in the facts of this case, the statutes, or the case law presented by Schultz that precludes the circuit court from exercising jurisdiction over the board's action. The claim was for breach of contract, and the alleged damages exceeded $10,000. The circuit court is the court of general jurisdiction in this state and its jurisdiction was not expressly preempted by the jurisdiction of another court. Accordingly, the claim was properly filed in the circuit court. See MCL 600.605; MSA 27A.605; *Bowie v Arder,* 441 Mich 23, 36-38; 490 NW2d 568 (1992).

Plaintiff board also argues that the court erred in granting summary disposition under MCR 2.116(C)(7) based upon principles of res judicata and collateral estoppel. We agree.

Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. *Jones v State Farm Mutual Automobile Ins Co,* 202 Mich App 393, 401; 509 NW2d 829 (1993). This doctrine requires that (1)

[1] Rather, the order that was entered simply stated without discussion that the motion for summary disposition under MCR 2.116(C)(4), (7), and (8) was granted.

[2] We note in passing that had the court been correct in its conclusion that it lacked subject-matter jurisdiction, the court would have been without jurisdiction to decide the motion under MCR 2.116(C)(7) and (8). Once a court concludes that it lacks subject-matter jurisdiction, it is powerless to do more than dismiss the action. See *Altman v Nelson,* 197 Mich App 467, 472-473; 495 NW2d 826 (1992).

the first action be decided on the merits, (2) the matter contested in the second case was or could have been resolved in the first, and (3) both actions involve the same parties or their privies. *Schwartz v Flint,* 187 Mich App 191, 194; 466 NW2d 357 (1991). For purposes of our analysis, the "first" case is Schultz' intrusive nuisance suit against the board, and the "second" case is the board's breach of contract action against Schultz. It is apparent that the board's breach of contract action was not and could not have been decided in Schultz' intrusive nuisance suit because the same evidence would not sustain both actions. *Jones, supra.* Only if the board had opted to bring a counterclaim on breach of contract grounds in the intrusive nuisance case would the breach of contract issue have arisen, and then only as a counterclaim. The most that was decided in the intrusive nuisance suit concerning the parties' stipulation was that the stipulation did not operate as a release, and so was an unsuccessful *defense* for the board.

To treat the *defense* of release as identical to an *action* for breach of contract for purposes of res judicata, as Schultz would have us do, overlooks their fundamental differences. Causes of action and defenses are not interchangeable. Here, for example, the fact of a breach and the question of damages are irrelevant in the release defense. We conclude that res judicata does not bar the boards' breach of contract action.

Nor does the doctrine of collateral estoppel operate to bar the board's suit. For collateral estoppel to apply, the ultimate issue to be concluded in the second action must be the same as that involved in the first. *Detroit v Qualls,* 434 Mich 340, 357; 454 NW2d 374 (1990). The issues must be identical, and not merely similar, *Wilcox v Sealey,* 132 Mich App 38, 47; 346 NW2d 889 (1984), and the ultimate

issues must have been both actually and necessarily litigated. *Qualls, supra.* To be necessarily determined in the first action, the issue must have been essential to the resulting judgment; a finding upon which the judgment did not depend cannot support collateral estoppel. *Id.; People v Gates,* 434 Mich 146, 158; 452 NW2d 627 (1990); *Jackson Dist Library v Jackson Co No 2,* 146 Mich App 412, 422; 380 NW2d 116 (1985), rev'd on other grounds 428 Mich 371; 408 NW2d 801 (1987). Collateral estoppel does not bar the board's breach of contract suit because any question regarding the effect of the stipulation upon which this suit is based was not essential to the governmental-immunity-based judgment; the judgment of dismissal on grounds of governmental immunity did not depend on any findings concerning the effect of the stipulation.

To hold differently would be to establish a policy that when a party loses on one defense (release) but ultimately is successful on another (governmental immunity), that party is nevertheless obligated to appeal the unfavorable disposition, despite having prevailed, in order to avoid being bound by it in subsequent proceedings. This is an ill-advised policy, and one that is inconsistent with the doctrines of both res judicata and collateral estoppel. Res judicata is designed to avoid relitigation of claims, and to prevent vexation, confusion, chaos, and the inefficient use of judicial resources. *Ozark v Kais,* 184 Mich App 302, 308; 457 NW2d 145 (1990); *Bhama v Bhama,* 169 Mich App 73, 81; 425 NW2d 733 (1988). Collateral estoppel is designed to relieve parties of multiple litigation, conserve judicial resources, and encourage reliance on adjudication. *Qualls, supra* at 357, n 30. Requiring the prevailing party to appeal unfavorable rulings would foster excessive litigation, vexation, and waste judicial resources, and we decline to do

it. Here, the intrusive nuisance judgment was grounded in governmental immunity, so the board, having prevailed, had no incentive and no obligation to appeal the court's decision on the release issue in order to preserve a separate, albeit related, action arising from the stipulation.[3]

The trial court also granted summary disposition under MCR 2.116(C)(8). A motion for summary disposition under this rule is designed to test the legal sufficiency of a claim, and its focus is solely on the pleadings and inferences that may reasonably be drawn therefrom. *Marcelletti v Bathani,* 198 Mich App 655, 658; 500 NW2d 124 (1993). The motion should be granted only where the claim is so clearly unenforceable that no amount of factual development could justify a right to recovery. *Id.*

In this case, Schultz claimed that no cause of action for breach of contract could be stated because the stipulation was not a contract, stressing that, unlike a traditional contract, a stipulation needs the express consent and approval of a court in order to take effect. The trial court agreed and granted the motion.

While it is true that there are characteristics unique to trial stipulations, the conclusion that they are not contracts or that no claim lies for a breach thereof does not necessarily follow as a matter of law. Stipulations have been defined as follows:

> A "stipulation," . . . is an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys, respecting some matter

---

[3] In reality, the board did unsuccessfully pursue in the circuit court an interlocutory appeal of the district court's denial of its motion for summary disposition based on release. However, after losing at the circuit court level, the board did not pursue its interlocutory appeal to this Court.

incident thereto. Its purpose is generally stated to be the avoidance of delay, trouble, and expense.

Stipulations differ in character, some being mere admissions of fact relieving a party from the inconvenience of making proof, while others embody all the essential characteristics of a contract. [73 Am Jur 2d, Stipulations, § 1, p. 536.]

Our Supreme Court has distinguished between stipulations of fact, which are binding, *Dana Corp v Michigan Employment Security Comm*, 371 Mich 107, 110; 123 NW2d 277 (1963), and stipulations of law, which are not binding, *In re Finlay Estate*, 430 Mich 590, 595; 424 NW2d 272 (1988). Indeed, this Court has previously held that an agreement to settle a pending lawsuit, which is what the stipulation at issue was, is a contract, and is to be governed by the legal principles applicable to the construction and interpretation of contracts. *Gojcaj v Moser*, 140 Mich App 828, 834; 366 NW2d 54 (1985); *Scholnick's Importers-Clothiers, Inc v Lent*, 130 Mich App 104, 109; 343 NW2d 249 (1983).[4] As this Court has previously pointed out:

"It is important that parties be able to settle cases fairly and finally . . . and such settlements should not be upset because of any subjective hesitation or secret reservation on the part of either party." [*Meyer v Rosenbaum*, 71 Mich App 388, 393; 248 NW2d 558 (1976), quoted in *Scholnick's Importers, supra* at 110-111, n 1.]

The United States Supreme Court and a federal court of appeals have also stated that settlement stipulations and consent decrees are construed in the same manner as a contract. *United States v ITT Continental Baking Co*, 420 US 223, 238; 95 S

---

[4] See also MCR 2.507(H), requiring that such agreements must be in writing in order to be binding.

Ct 926; 43 L Ed 2d 148 (1975); *Republic Resources Corp v ISI Petroleum West Caddo Drilling Program,* 836 F2d 462, 465 (CA 10, 1987).

The stipulation at issue states that in exchange for the board not pursuing costs, Schultz agreed to dismiss "with prejudice and without costs his claims against Board of County Road Commissioners of the County of Eaton." The board's assertion that this stipulation constitutes a contract is not so clearly unenforceable that no factual development could justify its right to recover. In fact, the wording of the stipulation clearly reflects that all claims, i.e., more than one claim, against the board were being dismissed. Because Schultz had only one claim (i.e., negligence) in his initial pleading, the wording of the stipulation must be read as a fail-safe device to encompass more, if indeed there may have been more, than that which was pleaded in the initial suit. The plain reading of this sentence discloses no ambiguity whatsoever. Further, it is a reading consistent with MCR 2.203(A)(1), our compulsory joinder rule. This rule requires the pleader to state every claim against an opposing party that the pleader has at the time of serving the pleading if it arises out of the transaction or occurrence that is the subject matter of the action. Schultz was therefore required to state every claim in his initial filing and the stipulation in this circumstance must be so construed.[5] Therefore,

---

[5] In *Rogers v Colonial Federal Savings & Loan Ass'n,* 405 Mich 607, 626; 275 NW2d 499 (1979), our Supreme Court read GCR 1963, 203.1 [now MCR 2.203(A)(2)] to hold that a defendant who fails to object to a plaintiff's nonjoinder of claims waives the application of the compulsory joinder rule [MCR 2.203(A)(1)]. However, this case must be read in light of the subsequent amendment of the demand for joinder rule [MCR 2.203(A)(2)]. In that amendment certain cases were taken out of the rule of *Rogers* by the new sentence, "This rule does not affect collateral estoppel or the prohibition against relitigation of a claim under a different theory." With this new language, the failure to object to nonjoinder where there is relitigation of a claim under a

summary disposition pursuant to MCR 2.116(C)(8) was improperly granted. *Marcelletti, supra.*

The board has stated a claim upon which it may recover. Therefore, we reverse the grant of summary disposition and remand for reinstatement of the contract claim and further proceedings. We do not retain jurisdiction.

REILLY, J. *(concurring)*. The majority holds that the trial court erred in ruling that defendant Schultz was entitled to summary disposition under MCR 2.116(C)(7), (suit barred by res judicata) because, in the intrusive nuisance suit, the most that was decided concerning the parties' stipulation in Schultz' earlier negligence action was that "the stipulation did not operate as a release, and so was an unsuccessful *defense* for the board." *Ante,* p 376. I agree with the conclusion that the breach of contract action was not barred by res judicata or collateral estoppel, but for a different reason.

In order for the trial court in the intrusive nuisance action to decide whether the defense of release was valid, it was necessary for the trial court to determine the meaning of the stipulation and, in particular, whether the stipulation of the dismissal of Schultz' claims meant that Schultz would not sue the board on any basis, including a nuisance theory, for damages sustained by Schultz when his horse was injured by stepping into a hole in a culvert. The trial court interpreted the agreement and ruled that the stipulation only related to the negligence claims raised in the initial lawsuit. On the basis of that ruling, the trial court rejected the defense of release. That ruling, interpreting the stipulation, was not a final order, and could not be appealed as of right.

different theory, such as in the instant case, does not remove the party seeking to relitigate from the constraints of compulsory joinder under MCR 2.203(A)(1).

The intrusive nuisance case was eventually dismissed when the trial court granted the board's motion for summary disposition on the basis of governmental immunity. When the final order granting summary disposition was entered, there was no reason for the board to appeal the earlier interpretation of the stipulation and the order denying its defense of release. The interpretation of the stipulation must be considered only dicta, because it was not necessary for the resolution of the controlling issue upon which summary disposition was granted. *Cree Coaches, Inc v Panel Suppliers, Inc,* 384 Mich 646; 186 NW2d 335 (1971).

Had the interpretation of the stipulation determined the outcome of the intrusive nuisance case, the result would have been different. In that situation, I believe the issue would have been res judicata, and the parties would have been bound by the ruling in future litigation. Under the present circumstances, however, the trial court's interpretation of the stipulation was merely dicta, and is not binding on the parties in this action.