Per Curiam.

The issue in this case is whether an insurer of an automobile is under a duty to give notice to a party named as loss payee ” of cancellation of the policy.
A party so designated has generally been considered to be a mere appointee with the right to receive the proceeds of the loss to the extent of his interest. Under a limited loss payable clause the rule is that if the policy is not collectible by the insured, the appointee cannot recover (5A Appleman, Insurance Law and Practice, § 3335, pp. 143, 144, 146). There are, of course, loss payable clauses which more fully protect the interests of the payee but, in this case, the designation was in a binder in which the plaintiff was only described as loss payee. We cannot hold that this plaintiff is entitled to the same protection as a mortgagee under a policy containing the standard mortgagee clause since notice must be and is required under that clause (Insurance Law, § 168).
In th@ absence of either contractual or statutory protection, the loss payee cannot recover unless the named insured had a viable policy and could collect the proceeds (Eastside Garage v. New Brunswick Fire Ins. Co., 198 App. Div. 408).
The judgment should be reversed with $30 costs and the complaint dismissed.