GALLANT v LAKE STATES MUTUAL INSURANCE COMPANY

Docket No. 74084. Submitted December 18, 1984, at Detroit.—Decided
    January 16, 1985.

    Raymond Gallant and Athos Valentini owned a restaurant busi-
    ness located in premises leased from H.C.B. Investment Com-
    pany. The lease required Gallant and Valentini to maintain fire
    insurance on the premises. Gallant and Valentini entered into
    a lease-purchase agreement with David A. Sinacola Enter-
    prises, Inc., whereby that corporation would lease the restau-
    rant business with the option to buy at the end of the lease
    term. David Sinacola obtained insurance coverage on the prem-
    ises from Lake States Mutual Insurance Company, representing
    that he was the owner. The policy designated David A. Sinacola
    Enterprises, Inc., as the named insured, Michigan National
    Bank-West Metro, which had financed the purchase of the
    restaurant business by Gallant and Valentini, as mortgagee,
    and H.C.B. Investment Company as a loss payee. Michigan
    National thereafter requested that it be deleted from the policy
    of insurance. David Sinacola on behalf of the named insured
    then cancelled the policy. A couple of weeks after the policy
    was cancelled, a fire occurred on the premises causing exten-
    sive damages.

        When H.C.B. Investment contacted Lake States Mutual it
    was informed that the insurance policy was not in effect on the
    date of loss. Gallant and Valentini, being responsible for main-
    taining insurance coverage on the premises, settled with H.C.B.
    Investment and Gallant and Valentini were assigned H.C.B.
    Investment's rights. Gallant and Valentini brought an action in
    Wayne Circuit Court against Lake States Mutual Insurance
    Company and Financial Designs, Inc., the insurance agent
    which had handled the Sinacola transaction, alleging breach of
    the fire insurance policy and negligence with respect to notifica-
    tion of the named payee, H.C.B. Investments, of the cancella-
    tion of the policy. Defendants moved for summary judgment,
    claiming that plaintiffs' predecessor in interest, H.C.B. Invest-
    ments, was a loss payee and was not entitled to notice of

REFERENCE FOR POINTS IN HEADNOTE
43 Am Jur 2d, Insurance §§ 397, 1042-1047.

cancellation. The trial court, Francis X. O'Brien, J., granted the motion. Plaintiffs appealed. *Held:*

Since H.C.B. Investments was only designated as a loss payee, the statutorily mandated policy provision requiring a ten-day notice to designated mortgagees is inapplicable and there was no duty on the part of defendants to notify H.C.B. Investments of cancellation of the policy. There being no obligation of notification of cancellation running to plaintiffs' assignor, summary judgment was properly granted.

Affirmed.

INSURANCE — FIRE INSURANCE — LOSS PAYEE — NOTICE OF CANCELLATION.

The provision in the statutorily mandated standard fire insurance policy requiring that a designated mortgagee not named as the insured be given ten days written notice of cancellation of the policy is not applicable to one who is designated as a "loss payee"; an insurer under a standard form fire insurance policy is not required to give notice of the cancellation of the policy to one who is only designated as a loss payee, since a loss payee's right to recover under such a policy is merely as an appointee who receives the proceeds from the policy to the extent that they are payable to the named insured (MCL 500.2832; MSA 24.12832).

*David L. Richards,* for plaintiffs.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *James K. O'Brien* and *Susan Tukel),* for Great Lakes Mutual Insurance Company.

*Mary Catherine Rentz* and *Stanley Prokop,* for Financial Designs, Inc.

Before: V. J. BRENNAN, P.J., and CYNAR and C. W. SIMON, JR.,* JJ.

PER CURIAM. Plaintiffs appeal as of right an order of summary judgment granted to defendants. The parties have stipulated to an agreed statement of facts.

Plaintiffs were the owners of a business located

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in a building at 32435 Grand River in Farmington, Michigan. The premises were leased from H.C.B. Investment Company. Under the lease, plaintiffs were required to maintain fire insurance on the premises.

Plaintiffs entered into a lease-purchase agreement with David A. Sinacola Enterprises, Inc. It provided that the corporation could buy the business, at its option, from the plaintiffs at the end of the lease term. David A. Sinacola Enterprises, Inc., occupied the restaurant premises and ran the restaurant.

David Sinacola obtained insurance coverage on the premises, representing himself as "owner" of the premises. David A. Sinacola, Inc., was the named insured. Michigan National Bank-West Metro, which had financed the plaintiffs' purchase of the restaurant business, was named as mortgagee. H.C.B. Investment Company, owner of the premises, was named as the "loss payee". The insurer was Lake States Mutual Insurance Company and the insurance agent was Financial Designs, Inc.

Michigan National Bank-West Metro requested its deletion from the policy prior to May 28, 1981. Summary judgment was granted to defendants for any claims of plaintiffs based on rights, or assignment of those rights, arising out of their relationship with Michigan National Bank-West Metro.

A copy of the insurance binder was sent to H.C.B. Investment Company, where it was filed. On May 28, 1981, Sinacola cancelled the insurance policy on the behalf of David A. Sinacola, Inc., the named insured. Defendants claim notice of the cancellation was sent to H.C.B. Investment Company. H.C.B. Investment Company denies that notice of cancellation was received.

A fire occurred on the premises on June 15,

1981, causing extensive damage. H.C.B. Investment Company contacted defendants for the purpose of submitting a claim and was informed that the policy was no longer in effect.

Plaintiffs made a settlement regarding the loss with H.C.B. Investment Company and its rights were assigned to plaintiffs. Plaintiffs filed suit on October 19, 1981, alleging breach of the fire insurance policy and negligence with respect to notification of the named payee of the cancellation of the insurance policy by David A. Sinacola, Inc. Defendants moved for summary judgment claiming that H.C.B. Investment Company (the predecessor in interest of plaintiffs) was a loss payee and was thus not entitled to notice of cancellation. Summary judgment was granted to defendants.

The issue is whether the trial court erred in holding that a loss payee is not entitled to receive the 10-day notice of cancellation of a fire insurance policy which mortgagees must be given under MCL 500.2832; MSA 24.12832. The statute states in pertinent part:

"If loss hereunder is made payable, in whole or in part, to a *designated mortgagee* not named herein as the insured, such interest in this policy may be cancelled by giving to such mortgagee a ten days' written notice of cancellation." (Emphasis added.)

Plaintiffs, as assignees of the loss payee, claim they were entitled to receive the same 10-day notice that the statute requires an insurer to give to a mortgagee. We disagree. The only designated mortgagee, Michigan National Bank-West Metro, had been deleted from the policy at its request. H.C.B. Investment Company was listed only as a loss payee.

This was a contract with an open or simple loss

payable clause. The entity designated as loss payee is merely an appointee who receives the proceeds to the extent of his interest. The validity of the contract is not dependent upon the existence of an insurable interest in the loss payee. Under an open loss clause, the policy is subject to any act or omission of the insured which might void, terminate, or adversely affect coverage. If the policy is not collectible by the insured, as in this case because it was cancelled by the insured, the loss payee also cannot recover. *Van Buren v The St Joseph County Village Fire Ins Co,* 28 Mich 398, 404 (1874); 5A Appelman, Insurance Law & Practice, § 3335, pp 143-146. The New York Court of Appeals addressed an identical issue in *Schleimer v Empire Mutual Ins Co,* 71 Misc 2d 1014, 1015; 337 NYS2d 872 (1972), *aff'd* 43 App Div 2d 825; 352 NYS2d 429 (1974), and stated:

"The issue in this case is whether an insurer of an automobile is under a duty to give notice to a party named as 'loss payee' of cancellation of the policy.

"A party so designated has generally been considered to be a mere appointee with the right to receive the proceeds of the loss to the extent of his interest. Under a limited loss payable clause the rule is that if the policy is not collectible by the insured, the appointee cannot recover (Appelman Insurance Law and Practice, Vol 5A, sec 3335, pp 143, 144, 146). There are, of course, loss payable clauses which more fully protect the interests of the payee but, in this case, the designation was in a binder in which the plaintiff was only described as loss payee. We cannot hold that this plaintiff is entitled to the same protection as a mortgagee under a policy containing the standard mortgagee clause since notice must be and is required under that clause (Insurance Law, § 168).

"In the absence of either contractual or statutory protection, the loss payee cannot recover unless the named insured had a viable policy and could collect the proceeds."

Similarly, in this case the plaintiffs' predecessor in interest was not a designated mortgagee with an independent contractual relationship with the insurer, and therefore plaintiffs' predecessor in interest was not entitled to the statutory notice of cancellation required by MCL 500.2832; MSA 24.12832.

Affirmed.