OLD KENT BANK OF HOLLAND v CHADDOCK, WINTER &
ALBERTS

Docket Nos. 132942, 132977. Submitted October 6, 1992, at Grand
Rapids. Decided December 8, 1992, at 9:25 A.M.

Old Kent Bank of Holland and Illinois Union Insurance Com-
pany, its insurer and subrogee, brought an action in the Ottawa
Circuit Court against Chaddock, Winter & Alberts and Ameri-
can Guaranty & Liability Insurance Company, alleging breach
of contract and negligence with respect to the defendants'
failure to notify Old Kent of the cancellation by Signmaster
Corporation of an American Guaranty insurance policy ob-
tained through Chaddock covering certain equipment pledged
as collateral for an Old Kent loan to Signmaster and destroyed
in a fire at Signmaster's premises. Before the action by Old
Kent and Illinois Union, Signmaster obtained a settlement in
an action relating to the same loss against another insurer.
Chaddock and American Guaranty moved for summary disposi-
tion, arguing that, because Old Kent was designated as only a
loss payee on the binder of insurance, they owed Old Kent no
duty to notify it of Signmaster's cancellation of the American
Guaranty policy and that the action by Old Kent and Illinois
Union was barred by res judicata. The court, James E. Town-
send, J., denied the motion. Old Kent and Illinois Union
appealed by leave granted. Their appeals were consolidated.

The Court of Appeals *held*:

1. MCL 500.2832; MSA 24.12832 requires an insurer under a
standard fire insurance policy to give a designated mortgagee
not named as the insured notice of a cancellation of the policy,
but imposes no similar requirement with respect to designated
loss payees. The trial court erred in refusing to grant summary
disposition for Old Kent and Illinois Union.

2. The trial court correctly ruled that the action by Old Kent
and Illinois Union was not barred by res judicata. The facts
and evidence essential to the maintenance of this action and
the Signmaster action are not identical, and Chaddock and

REFERENCES

Am Jur 2d, Insurance § 397.
See the ALR Index under Fire Insurance and Insurance Companies.

American Guaranty have not shown that this case and the Signmaster case involved the same parties or their privies.

Affirmed in part, reversed in part, and remanded.

INSURANCE — FIRE INSURANCE — LOSS PAYEE — NOTICE OF CANCELLA-
TION.

The provision in the statutorily mandated standard fire insurance policy requiring that a designated mortgagee not named as the insured be given notice of cancellation of the policy is not applicable to a designated loss payee (MCL 500.2832; MSA 24.12832).

*Cotticchio, Zotter, Sullivan, Molter, Skupin & Turner, P.C.* (by *Joseph F. Lucas*), for Old Kent Bank of Holland and Illinois Union Insurance Company.

*Smith, Haughey, Rice & Roegge* (by *Lois Marie Ens*), for Chaddock, Winter & Alberts.

*Dykema Gossett* (by *Todd W. Kingma*), for American Guaranty & Liability Insurance Company.

Before: GRIFFIN, P.J., and NEFF and CORRIGAN, JJ.

PER CURIAM. In these consolidated appeals, defendants Chaddock, Winter & Alberts and American Guaranty & Liability Insurance Company appeal by leave granted from an order of the circuit court denying their motion for summary disposition against plaintiffs Old Kent Bank of Holland and Illinois Union Insurance Company, subrogee of Old Kent. Although numerous grounds were involved in the denial of summary disposition, defendants currently challenge the denial of summary disposition on two grounds only, res judicata and lack of duty. In granting defendants' applications for leave to appeal, this Court limited these appeals to the issues raised in the applications for

leave and in the supporting briefs. We reverse in part, affirm in part, and remand this case to the trial court for further proceedings consistent with this opinion.

I

The facts of this case are essentially undisputed. Plaintiffs allege that defendants had a duty to notify Old Kent of the cancellation of an insurance policy. Old Kent lent money to Signmaster Corporation, taking a security interest in certain equipment belonging to Signmaster. The total amount lent by Old Kent to Signmaster was $200,000. A condition of the loan was that Signmaster obtain insurance for the collateral. Chaddock, Winter & Alberts, an insurance agency, issued Signmaster a binder for coverage on the Signmaster premises that identified Old Kent as a loss payee. An insurance policy was obtained through American Guaranty. Although the binder issued by Chaddock identified Old Kent as a loss payee, the insurance policy obtained from American Guaranty did not.

American Guaranty thereafter canceled the insurance policy issued to Signmaster, but Old Kent was never notified of the cancellation. After American Guaranty canceled the Signmaster policy, a Chaddock agent allegedly provided Signmaster an oral binder for $150,000 in insurance coverage by the Michigan Basic Property Insurance Association.

A fire occurred at the Signmaster premises, damaging the secured property. Old Kent notified Chaddock that the American Guaranty payment should be made payable to Old Kent, and was informed that the American Guaranty policy had been canceled months earlier. A portion of the loss sustained by Old Kent, a total of $84,537, was paid

by its own insurer, Illinois Union, which thereby became subrogated to Old Kent's rights.

Signmaster brought suit on its own behalf against Michigan Basic Property Insurance Association and Chaddock to recover on the oral binder of insurance. The Signmaster suit went to trial, and the jury returned a verdict in favor of Signmaster for $150,000. Following the trial, the Signmaster case was settled for $100,000. In the months before settlement was reached, Old Kent served a writ of garnishment on Chaddock in an effort to assert a lien on any recovery obtained by Signmaster. Chaddock then began an interpleader action in the circuit court and served notice to all Signmaster creditors. The circuit court established the priority of the creditors. Old Kent received approximately $12,000.

Old Kent and Illinois Union filed this suit against Chaddock and American Guaranty, alleging theories of recovery under both tort and contract principles. All parties moved for summary disposition. The trial court denied the motions on the ground that the facts were not sufficiently developed to allow the case to be decided by summary disposition. Defendants moved for reconsideration of the order denying summary disposition on the bases that they had no duty to notify Old Kent of the cancellation of the Signmaster fire insurance policy and that plaintiffs' claim is barred by the doctrine of res judicata. The circuit court denied the motion for reconsideration.

II

Defendants argue that the circuit court erred in denying their motions for summary disposition and for reconsideration because they owed no duty to Old Kent to notify it of the cancellation of the Signmaster fire insurance policy. We agree.

In support of their argument, defendants rely on *Gallant v Lake States Mutual Ins Co,* 142 Mich App 183, 186-187; 369 NW2d 205 (1985). We are not persuaded by plaintiffs' claims that *Gallant* was wrongly decided and that it is distinguishable from this case. Thus, the *Gallant* case controls. It also compels the conclusion that defendants had no duty to notify Old Kent of the cancellation of the insurance policy.

In *Gallant,* this Court drew a distinction, in terms of the right to notice of cancellation of an insurance policy, between a designated mortgagee and a loss payee and held that an insurer under a standard fire insurance policy is not statutorily required pursuant to MCL 500.2832; MSA 24.12832 to give notice of the cancellation of the policy to one who is only designated as a loss payee. *Id.,* pp 186-188. In *Gallant,* this Court stated:

> The entity designated as loss payee is merely an appointee who receives the proceeds to the extent of his interest. . . . If the policy is not collectible by the insured, as in this case because it was canceled by the insured, the loss payee cannot recover. [*Id.,* p 187.]

The *Gallant* Court quoted with approval from *Schleimer v Empire Mutual Ins Co,* 71 Misc 2d 1014, 1015; 337 NYS2d 872 (1972), aff'd 43 AD 2d 825; 352 NYS2d 429 (1974):

> The issue in this case is whether an insurer of an automobile is under a duty to give notice to a party named as "loss payee" of cancellation of the policy.
> 
> A party so designated has generally been considered to be a mere appointee with the right to receive the proceeds of the loss to the extent of his

interest. Under a limited loss payable clause the rule is that if the policy is not collectible by the insured, the appointee cannot recover (Appleman Insurance Law and Practice, Vol 5A, sec 3335, pp 143, 144, 146). There are, of course, loss payable clauses which more fully protect the interests of the payee but, in this case, the designation was in a binder in which the plaintiff was only described as loss payee. We cannot hold that this plaintiff is entitled to the same protection as a mortgagee under a policy containing the standard mortgagee clause since notice must be and is required under that clause (Insurance Law, 168).

In the absence of either contractual or statutory protection, the loss payee cannot recover unless the named insured had a viable policy and could collect the proceeds.

The trial court in this case found that summary disposition would be premature because the factual development of the case was inadequate. The court seemed to focus on the issue whether Old Kent should be considered a mortgagee or a mere loss payee. In its opinion, the court stated in pertinent part:

We believe that the facts are not sufficiently developed in the case at bar to allow the case to be decided on motions for summary disposition. At trial, all the facts surrounding the execution of the binder should be presented, most particularly: who made the decision to check the box marked "loss payee" and what was the state of his knowledge of insurance law?

In its opinion on defendants' motion for reconsideration, the trial court also stated in pertinent part:

Defendants misread *Gallant v Lake States Mutual Ins Co,* 142 Mich App 183 [396 NW2d 205]

(1985). In addition, we do not believe that plaintiffs' action is barred by the doctrine of res judicata. *Nor may a party's legal rights be conclusively determined merely by the fact that an unknown individual chose for an unknown reason to check a particular box on a particular form document.* [Emphasis added.]

In our view, Old Kent cannot be considered anything other than a loss payee. Therefore, Old Kent cannot establish that defendants owed a duty to notify it of the cancellation of the policy. Plaintiffs would have us believe that summary disposition is premature because an unknown person for an unknown reason chose to designate Old Kent as a loss payee. However, our review of the record reveals that, in a February 25, 1985, letter to the chairman of Signmaster, the vice president of Old Kent stated:

To close the loan, we will require the following information: . . . 7. Copy of insurance binder covering assets with bank listed as *loss payee*. [Emphasis added.]

We fail to see how Old Kent's status as either a mortgagee or a loss payee could be a disputed issue when Old Kent's own vice president advised Signmaster before any loan was made that the bank should be listed as a loss payee on the binder of insurance.

We reverse the trial court's denial of summary disposition in defendants' favor with regard to the issue of duty.

III

Defendants also argue that the circuit court erred in denying their motions for summary dispo-

sition and reconsideration because this suit is barred by the doctrine of res judicata. We disagree.

In *King v Michigan Consolidated Gas Co,* 177 Mich App 531, 535; 442 NW2d 714 (1989), this Court stated:

> Res judicata is the doctrine which bars a subsequent action between the same parties when the facts or evidence essential to the maintenance of the two actions are identical, and applies only when the issues and the parties or their privies in the prior action are identical. . . .
>
> There are three prerequisites to the application of the doctrine of res judicata: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case must have been resolved in the first; and (3) both actions must have involved the same parties or their privies.

In this case, the second and third elements of res judicata mentioned in *King* are clearly not present. The facts and evidence essential to the maintenance of the two actions are not identical, and defendants have not shown that both this case and the prior Signmaster case involved the same parties or their privies. The circuit court did not err in denying summary disposition to defendants on the basis of the doctrine of res judicata.

The trial court's judgment is reversed in part and affirmed in part, and the case is remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.