**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 13a0931n.06**

**No. 13-1057**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, ) | |
| ) | **FILED**<br>Oct 30, 2013<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, ) | |
| ) | ON APPEAL FROM THE UNITED |
| v. ) | STATES DISTRICT COURT FOR THE |
| ) | EASTERN DISTRICT OF MICHIGAN |
| TALMER BANCORP, ) | |
| ) | |
| Defendant-Appellant. ) | |

Before: COOK, GRIFFIN, and KETHLEDGE, Circuit Judges.

COOK, Circuit Judge. Secured creditor Talmer Bancorp, Inc. ("Bancorp") appeals the summary judgment granted to Westfield Insurance Company ("Westfield") on Bancorp's claim to insurance proceeds that Westfield paid to the property owner alone, without naming Bancorp as joint payee. Because the property owner's fraud voided the policy coverage, Michigan law defeats the bank's dependent right to be paid proceeds, and we affirm.

I.

Milan 2000 Furnishings, Ltd. ("Milan"), a furniture retailer, obtained financing from Peoples State Bank ("Peoples"), Bancorp's predecessor-in-interest. As part of the financing arrangement, Peoples acquired a security interest in Milan's real estate and business inventory at Sass Road in Chesterfield, Michigan. Peoples further required Milan to insure this collateral. Milan purchased

a business-property insurance policy from Westfield that identified Peoples as a mortgagee on the Sass Road warehouse and as a loss payee on its inventory.

In March 2008, Milan claimed that burglars vandalized the warehouse and stole inventory. During Westfield's investigation of the claim, Nick Rafoo, Milan's principal, told Westfield that no party held a security interest in the stolen inventory. Westfield, suspecting fraud, requested sworn proof-of-loss statements ("POL"). Milan submitted separate POLs for the building and the inventory. Though the building POL identified Peoples as a mortgagee, the inventory POL did not identify the bank as a loss payee.

Westfield admits that a search of Milan's insurance applications showed Peoples as loss payee for the inventory and mortgagee for the warehouse. In January 2009, Westfield issued a check to cover the damage to the real property jointly payable to Milan and Peoples. Westfield later concluded its investigation and issued Milan a check to cover the stolen inventory without listing Peoples as a joint payee.

After Peoples went into receivership, Bancorp—then named First Michigan Bank—acquired its assets. It was Peoples's successor, Bancorp, that raised the overlooked security interest in the Milan inventory with Westfield, asking Westfield to reissue the check with it as a joint payee. Westfield refused and filed a declaratory judgment action naming Bancorp, Rafoo, and Milan. With respect to Bancorp, Westfield asked for a judgment declaring that Westfield owed no insurance proceeds. Bancorp countered, seeking a declaration that Westfield owed Bancorp under the policy.

No. 13-1057
*Westfield Insurance Co. v. Talmer Bancorp, Inc.*

As to Milan and Rafoo, Westfield asserted claims for breach of contract, fraud, unjust enrichment, and constructive trust in connection with Milan's fraudulent concealment of Peoples' security interest in the inventory.

On cross-motions for summary judgment filed by Westfield and Bancorp, the district court first responded to Westfield's argument that Bancorp lacked standing by concluding that Bancorp properly acquired Peoples' third-party beneficiary rights under the policy. Yet, the court went on to rule that Westfield owed Bancorp nothing because Westfield could justifiably rely on Milan's fraudulent representation about the bank's insurable security interest. With respect to Westfield's claims against Milan and Rafoo, the district court entered a consent judgment deeming the insurance policy void and entering judgment against Milan for the amount of the insurance proceeds that Westfield paid. Bancorp now appeals.

## II.

We review the grant of summary judgment de novo, *Kalich v. AT&T Mobility, LLC*, 679 F.3d 464, 469 (6th Cir. 2012), affirming on any basis supported by the record, *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must draw all reasonable inferences from the record in the light most favorable to the non-moving party, and the court may only grant summary judgment "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving

party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986) (citation omitted).

Though Westfield vouches in its appellate briefing for the district court's rationale, we affirm on the alternative basis Westfield pressed—that by falsely eliding the bank's insurable interest on the sworn POL, policyholder Milan voided coverage under the policy's terms.

Milan's admitted fraud forecloses Bancorp's right to recovery under Michigan law because, unlike mortgagees, the policy gives loss payees such as Peoples no independent right of recovery if the insured breaches the policy's terms. (*Compare* R. 1-2, Policy at 61, *with id.* at 45.) Instead, under the policy's loss payable provision, "the lienholder is simply an appointee to receive the insurance fund to the extent of its interest, and . . . a breach of the conditions of the policy by the insured w[ill] prevent recovery by the lienholder." *Foremost Ins. Co. v. Allstate Ins. Co.*, 486 N.W.2d 600, 602 (Mich. 1992); *see also Gallant v. Lake States Mut. Ins. Co.*, 369 N.W.2d 205, 207 (Mich. Ct. App. 1985) (explaining that, under this type of loss payable provision, "[i]f the policy is not collectible by the insured, . . . the loss payee also cannot recover"). Accordingly, because the policy grants Peoples no independent right of recovery, Milan's breach voiding the policy forecloses any recovery by Bancorp.

Bancorp does not dispute that Milan breached the conditions of the policy by fraudulently concealing the bank's insurable security interest. The policy provides that it "is void if [the insured] . . . at any time, intentionally conceal[s] or misrepresent[s] a material fact concerning . . . [its]

interest in the Covered Property; or . . . [a] claim under this policy." The policy language thus encompasses Milan's fraudulent completion of the POL under oath. Under Michigan law, an insured's false swearing on a POL may bar recovery if the insurer establishes four elements: (1) the insured made a misrepresentation; (2) the misrepresentation was material; (3) the insured knew the representation was false or made it recklessly; and (4) the insured made the representation with the intention of deceiving the insurer. *Rayis v. Shelby Mut. Ins. Co.*, 264 N.W.2d 5, 8 (Mich. Ct. App. 1978); *see also J.C. Wyckhoff & Assocs. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1484 (6th Cir. 1991) (noting that the insurer need not show that it relied on the misrepresentations to assert a valid defense of false swearing). Westfield satisfies all four elements because Milan admitted in the consent judgment that "despite [Milan's] knowledge of [Peoples's] security interest . . . , it failed to identify [Peoples] on the [POL] as a loss payee," and that "[Milan] intentionally concealed and/or misrepresented [Peoples's] interest in the business personal property proceeds on the [POL]." Bancorp has also admitted the materiality of this misrepresentation.

Still, Bancorp balks at the consent judgment—entered only between Westfield and Milan—serving as the vehicle for voiding Milan's (and thereby Bancorp's) right to coverage. [(Appellant Br. at 2, 34.)] Yet given that Bancorp's coverage rights "can only be derived" from Milan's coverage, *Van Buren v. St. Joseph Cnty. Vill. Fire Ins. Co.*, 28 Mich. 398, 405 (1874), the fraud admissions in the consent judgment extinguish Bancorp's derivative coverage. Moreover, despite its status as a party to the case, Bancorp failed to object, appeal, or set aside the consent judgment. *See Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 590-91 (1984) (Stevens,

J., concurring) (explaining that a consent judgment constitutes "a final judgment binding upon those who had notice and opportunity to object" and that consent judgments, "like any other final judgment of a district court, [are] immediately appealable."). In sum, Bancorp may not recover any insurance proceeds under the policy due to Milan's fraud.

III.

For these reasons, we AFFIRM.