# STATE OF MICHIGAN

# COURT OF APPEALS

RIVERSBEND REHABILITATION, INC.,

        Plaintiff-Appellant,

v

JEFFREY ENOS,

        Defendant-Appellee.

UNPUBLISHED
March 22, 2018

No. 335847
Midland Circuit Court
LC No. 16-003593-CK

Before: SAWYER, P.J., and BORRELLO and SERVITTO, JJ.

PER CURIAM.

In this breach of contract action, plaintiff appeals as of right the order granting summary disposition in defendant's favor and granting defendant's motion for sanctions. We affirm.

On July 10, 2006, plaintiff and defendant entered into an agreement where plaintiff would advance defendant a salary of $40,000 annually, reimburse defendant for his graduate schooling tuition and costs, and provide defendant with health and dental insurance plans. In exchange, defendant agreed to complete a doctoral level educational program in physical therapy and work for plaintiff when needed, on an occasional basis. Upon completion of the program, defendant promised to fully repay his advanced salary by either working for plaintiff (whereby a portion of his salary would be retained) or seeking employment elsewhere and making payments to plaintiff. In the event that defendant did not complete his educational program or if he did not accept employment with plaintiff, defendant would have to repay all monies received for his advanced salary and repay all tuition and other educational expenses covered by plaintiff. Pursuant to the agreement, defendant attended Central Michigan University[1] and plaintiff began paying defendant an advanced salary and repaying his educational expenses.

In October 2011, plaintiff and defendant executed a written and signed confirmation of the July 10, 2006 agreement. At the same time, defendant executed a promissory note in favor of plaintiff. In the note, defendant promised to pay all salary advanced in the event he failed to: (1) graduate from his physical therapy program; (2) choose to not work at plaintiff following graduation from his physical therapy program; or (3) accepted employment with plaintiff following graduation, but terminated that employment before full repayment of all advanced

---

[1]Defendant received a doctoral degree in physical therapy in 2013.

salary had occurred. Unlike the agreement, the promissory note did not require repayment of advanced education expenses.

As defendant was nearing the completion of his educational program, defendant's personal relationship with the owner of plaintiff began to deteriorate. Following the breakdown, defendant took certain actions that plaintiff believed was evidence of his probable intent to not only refuse employment with plaintiff, but also to avoid repaying any of the funds forwarded as advance salary and educational financial assistance. To purportedly protect its interests, plaintiff brought suit against defendant in February 2013 to seek a determination that he had breached his agreement with plaintiff.

In its complaint, plaintiff asserted claims of breach of contract, promissory estoppel, and unjust enrichment. On stipulated facts, the trial court issued an opinion in that case. First, the trial court dismissed the unjust enrichment and promissory estoppel claims because there was a written contract covering the same subject matter. As to the breach of contract claim, the trial court first stated the legal rule in Michigan that "one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform." Next, the trial court determined that plaintiff had first breached the parties' agreement by rescinding its offer to employ defendant after he graduated from college, by failing to pay defendant's tuition as required under the agreements, and by removing defendant from the payroll of plaintiff in December 2012. The trial court found that these breaches were material and that none of defendant's actions amounted to anticipatory repudiation that would give plaintiff the option of either 1) suing immediately for the breach of the contract or 2) suspending its own performance and demanding a retraction of the repudiation. The trial court thus ultimately ruled in favor of defendant.

Plaintiff timely appealed the decision issued by the trial court. On October 29, 2015, this Court issued an opinion affirming the trial court's decision. This Court held that:

> [T]he trial court's finding was not clearly erroneous. Enos' correspondence indicated that he promised to go to school and take on the debt at issue in significant part—and perhaps exclusively—because Riversbend promised to employ him after graduation. Moreover, the repeated references in the agreements to Enos' employment with Riversbend strongly showed that Riversbend also considered this to be an essential part of the bargain. Indeed, the contract terms require repayment on less favorable terms if Enos chooses not to work for Riversbend. Enos—the nonbreaching party—did not obtain the central benefit of the contract that he reasonably expected to receive: he did not receive the promised employment at a level of compensation sufficient to meet his obligations. Under these circumstances, we cannot conclude that the trial court clearly erred when it found that Riversbend's breach was substantial. [*Riversbend Rehab, Inc v Jeffrey Enos*, unpublished per curiam opinion of the Court of Appeals, issued October 29, 2015 (Docket No. 321631), p 6.]

Additionally, this Court stated:

> [a]s the trial court found, Enos was ready, willing, and able to work for Riversbend; it was Riversbend who prevented Enos from performing under the agreement. Despite having deprived Enos of his contemplated source of income in violation of the parties' agreement, Riversbend now demands that Enos repay his debt under new terms and without any further obligations to him. But that is not the agreement that Riversbend made with Enos. The agreement provided that Riversbend would employ Enos and Enos would repay Riversbend through reduced compensation. If—and only if—Enos took certain specified actions would Enos have any obligation to repay other than by working for Riversbend. The trial court did not clearly err when it found that Enos did not take any of those actions. [*Id*. at 7.]

Thereafter, plaintiff acknowledged that it had a contractual obligation to offer defendant employment. On February 8, 2016, plaintiff extended a written offer of employment to defendant requesting that he respond within 21 days. Defendant did not respond, so plaintiff deemed the offer declined. Because defendant declined, the promissory note required defendant to repay the full amount of his advanced salary in equal installments over five years without interest, starting within 30 days following the date he declined employment (thus March 30, 2016). Defendant failed to remit any payment to plaintiff by the due date. Following the default, on April 7, 2016, plaintiff submitted to defendant written notice of the default and demanded cure within 10 days. Defendant failed to cure; therefore, plaintiff declared the entire amount of advanced salary ($256,932) immediately due and payable as authorized by the promissory note. Defendant did not pay the amount that plaintiff claimed was owed.

On May 16, 2016, plaintiff filed the instant action alleging breach of contract of the agreement between plaintiff and defendant and breach of contract of the promissory note. In lieu of answering the complaint, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7). Defendant argued that because the parties already litigated their dispute to a binding final judgment upheld on appeal, plaintiff was barred from bringing the action and claims pursuant to collateral estoppel and res judicata. Plaintiff responded that collateral estoppel is inapplicable and that the facts it bases its breach of contract claim on in this suit are different from, and arose after those it based its first suit on, thus defeating defendant's res judicata defense.

The trial court granted summary disposition in defendant's favor, finding that that all necessary criteria for res judicata and collateral estoppel were established. Immediately thereafter, defendant filed a motion for sanctions based on his contention that the action filed by plaintiff was frivolous. The trial court found that there was no basis for plaintiff's allegations in the new complaint and that plaintiff's action was frivolous. It thus granted defendant's motion for sanctions. This appeal followed.

Plaintiff first argues that the trial court erred in granting defendant's motion for summary disposition because its claims are not barred by res judicata or collateral estoppel. We disagree.

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law. In making this determination, the Court reviews the entire record to determine whether defendant was entitled to summary disposition." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is appropriate under MCR 2.116(C)(7) if a claim is barred by a prior judgment. *RDM Holdings, LTD v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). A motion pursuant to MCR 2.116(C)(7) may be supported by affidavits, depositions, admissions, or other documentary evidence so long as the evidence would be admissible at trial. *Maiden*, 461 Mich at 119. "[T]he trial court must accept the nonmoving party's well-pleaded allegations as true and construe the allegations in the nonmovant's favor to determine whether any factual development could provide a basis for recovery." *Hoffman v Boonsiri*, 290 Mich App 34, 39; 801 NW2d 385 (2010).

"The determination whether res judicata will bar a subsequent suit is a question of law that we review de novo." *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 379; 596 NW2d 153 (1999). Whether collateral estoppel prevents a party from raising an issue addressed in a prior proceeding is also a question of law that is reviewed de novo. *Horn v Dep't of Corrections*, 216 Mich App 58, 62; 548 NW2d 660 (1996).

Res judicata is intended to prevent multiple suits litigating the same cause of action. *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). The doctrine bars a second, subsequent action when "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id* (citation omitted). Res judicata bars a subsequent action between the same parties when the facts or evidence essential to the maintenance of the two actions are identical. *Old Kent Bank of Holland v Chaddock, Winter & Alberts*, 197 Mich App 372, 379; 495 NW2d 808 (1992). If, however, the facts change, or new facts develop, res judicata will not apply. *In re Pardee*, 190 Mich App 243, 248; 475 NW2d 870 (1991).

Here, plaintiff argues that in the original litigation, defendant had not completed his education and there was no offer of employment to defendant. While plaintiff is correct in noting these circumstances, it is incorrect in assuming that these events qualify as new facts for purposes of res judicata. Because plaintiff was found to have breached the agreement in the original litigation, it cannot now cure the defect by offering employment to defendant and then bring a new action against defendant. In fact, "[o]ne who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform." *Able Demolition v Pontiac*, 275 Mich App 577, 585; 739 NW2d 696 (2007). The trial court correctly cited the rationale underlying this principal, stating that "the Plaintiff does not have the ability to resurrect the contract without agreement of the Defendant." Defendant did not agree to a new contract; therefore, the contract no longer exists.

Moreover, it is undisputed that both actions involved the same parties, the prior action was decided on the merits, and the decree in the prior action was a final decision. *Adair*, 470 Mich at 121. Therefore, the main element at issue is for purposes of res judicata whether the matter contested in the second case was or could have been resolved in the first. *Id*. On this element, our Supreme Court noted that res judicata bars a subsequent action between the same parties when "the evidence or essential facts are identical." *Id*. at 123-124 (citation omitted).

The evidence for both actions in this matter is the same. Plaintiff's first complaint and second complaint attached identical exhibits. More importantly, both complaints claimed that defendant breached his agreements and therefore must reimburse plaintiff for monies expended. A trial court and the Court of Appeals previously decided these actions. Because there was nothing new filed in the second complaint, res judicata bars plaintiff's subsequent action.

Collateral estoppel also applies to this case. Collateral estoppel precludes the relitigation of an issue in a subsequent action. *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 528; 866 NW2d 817 (2014). Application of collateral estoppel generally requires "(1) that a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) that the same parties had a full and fair opportunity to litigate the issue, and (3) mutuality of estoppel." *Id*. at 529 (citation omitted).

Concerning the first requirement, the ultimate issue to be determined must be identical and not merely similar to that involved in the first action. *Eaton Co Rd Comm'rs v Schultz*, 205 Mich App 371, 376; 521 NW2d 847 (1994). And, to be actually litigated, a question must be put into issue by the pleadings, submitted to the trier of fact, and determined by the trier of fact. *VanDeventer v Mich Nat'l Bank*, 172 Mich App 456, 463; 432 NW2d 338 (1988). "A decision is final when all appeals have been exhausted or the time available for an appeal has passed." *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006).

In this case, the ultimate issue being litigated was whether defendant breached his contract with plaintiff. Both the defenses of a material breach of contract and whether there was a breach of contract by defendant were litigated in the trial court and both the trial court and this Court delivered valid and final judgments in favor of defendant. The first element of collateral estoppel was thus met. *Rental Props Owners Ass'n of Kent Co*, 308 Mich App at 529.

As to the second element of collateral estoppel, the parties in the second action must be the same as or privy to the parties in the first action. *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 715; 848 NW2d 482(2014). It is undisputed that the parties are the same in both actions. In determining whether the parties in the first action had a full and fair opportunity to litigate an issue, a court should consider numerous factors, including: whether the party against whom estoppel is asserted had a legal right to appeal; whether the issue is one of law and the two actions are substantially unrelated or an intervening change merits a new determination; whether a new determination is merited by differences in the procedures; whether the party against whom estoppel is asserted had a significantly heavier burden of persuasion as to the issue in the first action; and, whether there is a clear and convincing need for a new determination because of the effect on the interests of the public or nonparties, the unforeseeability that the issue would arise in a later proceeding, or because the party against whom estoppel is asserted did not have adequate opportunity or incentive to obtain a full and fair adjudication in the first action. *Monat v State Farm Ins Co*, 469 Mich 679, 683-684 n 2; 677 NW2d 843 (2004). In this case, plaintiff and defendant were both represented by counsel and had a full and fair opportunity to litigate. None of the above factors apply such that they would bar the use of the collateral estoppel doctrine.

Finally, mutuality of estoppel is usually a necessary element of collateral estoppel. *Rental Props Owners Ass'n of Kent Co*, 308 Mich App at 528. Mutuality of estoppel exists if

both litigants in the second action are bound by the judgment rendered in the first action. *Monat*, 469 Mich at 684-685. In other words, "[t]he estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him." *Id.* (quotation marks and citations omitted, alterations in original). Here, both plaintiff and defendant are bound by the valid and final judgments rendered by the first trial court and this Court in favor of defendant; therefore, the mutuality element is satisfied.

Plaintiff next argues that the trial court erred in finding that its arguments were frivolous and in granting sanctions against plaintiff and its counsel.

We review for clear error a trial court's determinations whether a claim was frivolous and whether sanctions are warranted. *Bronson Health Care Group, Inc v Titan Ins Co*, 314 Mich App 577, 585; 887 NW2d 205 (2016). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen v Kitchen*, 465 Mich 654, 661-62; 641 NW2d 245 (2002). Additionally, this Court reviews for an abuse of discretion the trial court's award of attorney fees under MCL 600.2591. *Edge v Edge*, 299 Mich App 121, 127; 829 NW2d 276 (2012).

MCL 600.2591 states,

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

> (2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

> (3) As used in this section:

> (a) "Frivolous" means that at least 1 of the following conditions is met:

> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

> (*iii*) The party's legal position was devoid of arguable legal merit.

> (b) "Prevailing party" means a party who wins on the entire record.

"[A] claim is devoid of arguable legal merit if it is not sufficiently grounded in law or fact, such as when it violates basic, longstanding, and unmistakably evident precedent." *Adamo Demolition Co v Dep't of Treasury*, 303 Mich App 356, 369; 844 NW2d 143 (2013) (quotation

marks and citation omitted). Furthermore, "[t]o determine whether sanctions are appropriate under MCL 600.2591, it is necessary to evaluate the claims or defenses at issue at the time they were made." *In re Costs & Attorney Fees*, 250 Mich App 89, 94; 645 NW2d 697 (2002). "The factual determination by the trial court depends on the particular facts and circumstances of the claim involved." *Id*. at 94-95.

In this case, the doctrines of collateral estoppel and res judicata are basic, longstanding, and unmistakably precedent. In fact, a claim may be frivolous if barred by collateral estoppel and res judicata. See *Energy Reserves, Inc v Consumers Power Co*, 221 Mich App 210, 221; 561 NW2d 854 (1997) (affirming the trial court's decision that "specifically found that all the claims presented in the complaint were barred by res judicata because they had been decided, either expressly or by implication, in the prior litigation"). Plaintiff's suit violated both of these principles; therefore, plaintiff's claim is devoid of arguable legal merit. Furthermore, defendant's counsel sent two letters to plaintiff and its counsel asking plaintiff to dismiss the action or sanctions would be pursued. Thus, they were on notice that the matter may be frivolous and sanctions would be pursued. While the first letter was sent on May 1, 2016, before plaintiff filed its complaint, the second letter was sent on June 8, 2016, after plaintiff filed its complaint. Despite being put on notice twice, plaintiff proceeded with its action against defendant and caused defendant to incur attorney fees.

In sum, both res judicata and collateral estoppel bar plaintiff's current action and claims and the trial court properly granted summary disposition in favor of defendant. And, because plaintiff's claim is devoid of arguable legal merit, the trial court did not clearly erred in awarding sanctions, including attorney fees, to defendant.

Affirmed.

/s/ David H. Sawyer
/s/ Stephen L. Borrello
/s/ Deborah A. Servitto