# STATE OF MICHIGAN

# COURT OF APPEALS

---

SHAWNE HENRY,

       Plaintiff-Appellant/Cross-Appellee,

v

CHARLES JOHNSON and METROPOLITAN CAB CO,

       Defendants,

and

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO,

       Defendant-Appellee/Cross-Appellant.

UNPUBLISHED
July 24, 2018

No. 337125
Wayne Circuit Court
LC No. 15-006386-NI

---

Before: BORRELLO, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, Shawne Henry, appeals by right the trial court order granting summary disposition under MCR 2.116(C)(10) in favor of defendant, State Farm Mutual Automobile Insurance Company.[1] State Farm cross-appeals by right an earlier order of the trial court denying its motion for summary disposition under MCR 2.116(C)(7) (res judicata). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

In March 2012, Henry was injured when the motor vehicle she was driving was rear-ended by Charles Johnson. Johnson was uninsured. At the time of the accident, Henry was

---

[1] Defendants Charles Johnson and Metropolitan Cab Company are not parties to this appeal, nor is it clear from the lower court record whether they were ever active participants in the proceedings before the trial court.

driving her employer's vehicle in the course of her employment. Henry's employer had an insurance policy with Sparta Insurance Company, and Henry had a personal automobile insurance policy with State Farm. Both policies provide uninsured motorist coverage. It is undisputed that the Sparta policy provides a maximum of $40,000 in uninsured motorist benefits coverage, whereas the State Farm policy provides a maximum of $100,000 in uninsured motorist benefits coverage.

In order to obtain coverage, Henry filed a number of lawsuits. First, in June 2012, she filed suit against Johnson and State Farm. She asserted that State Farm was liable for breach of contract because it failed to provide her underinsured motorist benefits. The case number for the first 2012 lawsuit was 12-007648-NI. According to Henry, State Farm also represented to her that the driver of the at-fault vehicle had insurance,[2] and based on those representations agreed to dismiss State Farm from the lawsuit. On September 10, 2012, the trial court entered an order dismissing State Farm from the lawsuit "with prejudice and without cost to any of the parties." Although a motion to reinstate was filed, the register of action for case number 12-007648-NI, i.e. the first 2012 lawsuit, reflects that no order setting aside the September 10, 2012 dismissal with prejudice was ever entered.[3]

In September 7, 2012, Henry filed a second lawsuit against State Farm, this time seeking personal injury protection (PIP) benefits. The lawsuit was assigned the case number 12-011856-NF. On November 8, 2012, the trial court entered a stipulated order dismissing State Farm from the second 2012 lawsuit without prejudice.

On June 24, 2013, Henry filed a third lawsuit against State Farm, on this occasion asserting that State Farm was liable for underinsured and uninsured motorist benefits. The case number for the 2013 lawsuit was 13-008269-NI. In November 2013, State Farm moved for summary disposition on the 2013 lawsuit, contending that Henry's claim was barred by res judicata. Henry failed to file a brief in response, and she and her lawyer failed to appear at the motion hearing. Following the hearing, the trial court entered an order summarily dismissing with prejudice Henry's 2013 claim against State Farm under MCR 2.116(C)(7) (claim barred by res judicata).

After the trial court entered the order dismissing the 2013 lawsuit on res judicata grounds, Henry filed a motion to reinstate her first 2012 lawsuit, case number 12-007648-NI. Henry alleged that the September 10, 2012 order should be set aside based on mutual mistake of fact, and she identified the mistake of fact as the parties' mutual belief that Johnson had adequate

---

[2] In contrast, State Farm submitted an affidavit from its lawyer stating that he merely "pointed out that the only allegations asserted against State Farm were allegations that State Farm breached its insurance contract by failing and/or refusing to pay Plaintiff's claim for underinsured motorist benefits," which he advised were unavailable under Henry's policy with State Farm.

[3] In June 2013, Henry voluntarily dismissed Johnson from the first 2012 lawsuit without prejudice.

-2-

insurance. To be clear, Henry specifically sought the reinstatement of the 2012 case, i.e. case number 12-007648-NI; she did not seek reinstatement of the 2013 lawsuit. Nevertheless, on April 10, 2015, a motion to set aside was filed in the 2013 case. In that motion, Henry stated:

> 1. The plaintiff commenced this action on June 6, 2012, suing the individual defendant for negligence in the operation of a motor vehicle and suing the defendant insurer for underinsured or uninsured motorist benefits.
>
> 2. This motion was heard by the court February 13, 2014, and granted on that same day.[4]
>
> 3. Due to mutual mistake neither party promptly submitted an order.
>
> 4. On March 4, 2015, parties appeared for Settlement Conference at which time the court instructed Plaintiff's counsel to draft and file an order granting the relief sought.
>
> 5. On April 2, 2015, Plaintiff's counsel submitted the order, which was rejected by the Court, and Plaintiff's counsel was directed to file a motion to reinstate although that motion had been granted at the February 13, 2014 hearing.

Based on the motion, it is not clear whether Henry was asserting that the trial court orally granted reinstatement for the first 2012 case (which is referenced in the first paragraph) or whether she was asserting that the trial court orally set aside the dismissal on res judicata grounds in the 2013 case. Regardless, the motion makes clear that no written order was ever entered, thereby necessitating another motion to reinstate to be filed by Henry.

In its response, State Farm noted that at a March 4, 2015 settlement conference, the trial court instructed Henry to submit an order reinstating "the case" by the "end of the week," but Henry failed to do so. Further, based on State Farm's brief in opposition to the motion to set aside, it is clear that State Farm viewed the motion as an attempt to reinstate the 2013 lawsuit, not to reinstate the first 2012 lawsuit. The trial court apparently also viewed the motion to set aside as pertaining to the 2013 case because, on April 27, 2015, it entered an order setting aside the dismissal and reinstating case number 13-998269-NI. Thereafter, on Mary 12, 2015, the parties stipulated to dismiss the 2013 lawsuit without prejudice and without costs to any of the parties.

Two days after the dismissal of the 2013 lawsuit was entered,[5] Henry filed another complaint against State Farm, bringing claims for underinsured and uninsured motorist benefits. On June 29, 2015, State Farm moved for summary disposition under MCR 2.116(C)(7) in the 2015 lawsuit, asserting that Henry's claim was barred by res judicata because the September

---

[4] According to the register of actions for the 2013 lawsuit, the motion to dismiss under MCR 2.116(C)(7) appears to have been held on February 13, 2014, and entered on February 14, 2014.

[5] It is unclear why the parties stipulated to dismiss the 2013 lawsuit without prejudice.

2012 order of dismissal with prejudice was a final judgment on the merits involving the same parties. State Farm attached a copy of the first 2012 complaint and the September 10, 2012 order dismissing State Farm with prejudice. State Farm also argued that, even if Henry were to seek relief from the September 10, 2012 judgment, any such motion would be untimely and inappropriate given the circumstances. Henry did not file any written response to State Farm's motion and came forward with no evidence that the September 10, 2012 order had been set aside or reasons why it should be set aside.

The trial court heard oral argument on State Farm's (C)(7) motion on August 4, 2015. The trial court expressed that it was confused by the history of the case, including why State Farm had been dismissed from the first 2012 case. Henry's lawyer represented to the court (without any documentary support) that Henry had agreed to dismiss State Farm with prejudice because State Farm's lawyer represented that the at-fault driver had insurance. Henry's lawyer also claimed that the September 2012 order dismissing State Farm with prejudice had been set aside and the case was reinstated by the trial court. Although no proof of this fact was presented, the trial court stated that Henry's version of events was "what I thought happened," and throughout the hearing, the court made numerous references to the fact that it believed or thought it had set aside the September 2012 stipulated order.[6]

In addition, the trial court noted that some of the procedural problems were caused by Henry's lawyer, but the court seemingly forgave the confusion by reasoning that it was not "atypical" for Henry's lawyer to not "bother" showing up or responding after having something set aside. The court also proclaimed that the case just "fell through the cracks," which it did not believe was res judicata, and it added that "this happens with firms that are volume firms," again emphasizing that "it wasn't res judicata" it "was a colossal mess" that the court had to straighten out. Finally, the court recognized that there were "a lot of missing facts out of the motions that I have to ferret out from argument to fill in the missing pieces." Ultimately, although it had no documentary evidence to support Henry's version of events, the court denied State Farm's (C)(7) motion, apparently because it believed it had already set aside the September 10, 2012 order.

Still, at the hearing, Henry's lawyer noted that he had seen Henry's policy with State Farm and agreed that there was no underinsured motorist coverage. Thus, Henry's claim for underinsured motorist benefits from the 2015 lawsuit was dismissed with prejudice by stipulation,[7] and only the claim for uninsured benefits continued.

On March 29, 2016, State Farm filed another motion for summary disposition. Relevant to this appeal, State Farm argued that Henry's claim was barred because she "failed to sue Sparta Insurance Company, an entity that may have been liable for uninsured motorist benefits, which is

---

[6] At one point, the court suggested that the written order setting aside the September 10, 2012 dismissal would have to be presented to the court; however, it never actually required the order to be produced before it made its decision to deny State Farm's motion for summary disposition.

[7] Based on the record currently before this Court, it does not appear that Henry has attempted to revive this claim through later lawsuits or motions.

a condition precedent to recovery under State Farm's policy." In response to this motion, on April 1, 2016, Henry filed a new suit against Johnson and, for the first time, brought a claim for uninsured motorist benefits against Sparta Insurance Company. For discovery purposes, the 2015 lawsuit against State Farm was consolidated with the 2016 lawsuit against Sparta Insurance. However, on November 9, 2016, the trial court granted Sparta Insurance's motion for summary disposition. According to State Farm, the case against Sparta was dismissed because Henry failed to file suit against it within the three-year contractual limitations period contained in Sparta's policy.

On January 5, 2017, State Farm again filed for summary disposition, this time under MCR 2.116(C)(10). State Farm asserted (1) the uninsured motorist benefits under the Sparta policy were primary whereas the same benefits under the State Farm policy were excess, (2) the State Farm policy required Henry to exhaust any primary uninsured motorist benefits before she was entitled to excess uninsured motorist benefits from State Farm, and (3) because Henry failed to exhaust her benefits under the Sparta policy she could not now collect from State Farm. Alternatively, State Farm contended that Henry's claim was barred by the doctrine of latches because her failure to sue Sparta within the contractual limitations period meant that she could not recover $40,000 in uninsured motorist benefits from Sparta. State Farm provided ample documentary evidence in support of its motion, including copies of the relevant insurance policies. Henry did not file a brief in opposition or provide the court with any documentary evidence.

Following oral argument, the trial court agreed with State Farm's position and granted it summary disposition.

## II. RES JUDICATA

### A. STANDARD OF REVIEW

In its cross-appeal, State Farm argues that the trial court erred by denying its motion for summary disposition under MCR 2.116(C)(7) because Henry's claim is barred by res judicata. Challenges to a trial court's decision on a motion for summary disposition are reviewed de novo. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Whether a claim is barred by res judicata is also reviewed de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

### B. ANALYSIS

The goal behind the doctrine of res judicata is "to prevent multiple suits litigating the same cause of action." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). "The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. "Res judicata bars a subsequent action between the same parties when the facts or evidence essential to the maintenance of the two actions are identical . . . ." *Old Kent Bank of Holland v Chaddock, Winter & Alberts*, 197 Mich App 372, 379; 495 NW2d 808 (1992) (quotation marks and citation omitted). It does not, however, apply

if the facts change or new facts develop.  *In re Pardee*, 190 Mich App 243, 248; 475 NW2d 870 (1991).

"Michigan law defines res judicata broadly to bar litigation in the second action not only of those claims actually litigated in the first action, but also claims arising out of the same transaction that the parties, exercising reasonable diligence, *could have litigated but did not*." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 11; 672 NW2d 351 (2003) (emphasis added).  "Whether a factual grouping constitutes a 'transaction' for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in *time, space, origin or motivation*, [and] whether they form a convenient trial unit . . . ."  *Adair*, 470 Mich at 125 (quotation marks and citation omitted; alterations in original).  Thus, "[i]f the same facts or evidence would sustain both, the two actions are the same for the purpose of res judicata." *Peterson Novelties*, 259 Mich App at 11.

Henry and State Farm have been opposing parties in a number of lawsuits arising out of the March 26, 2012 motor vehicle accident.  Relevant to this appeal, the first lawsuit was brought in June 2012, and State Farm was dismissed *with prejudice* on September 10, 2012.  Although the trial court appears to believe that it might have possibly set the September 10, 2012 order aside, no order to that effect was ever actually entered.[8]  "[A] voluntary dismissal with prejudice acts as an adjudication on the merits for res judicata purposes." *Limbaugh v Oakland Co Bd of Co Rd Comm's*, 226 Mich App 389; 573 NW2d 336 (1998).  Further, because "Michigan cases have construed res judicata as applying both to claims actually raised in the prior action and to 'every claim arising out of the same transaction which the parties, exercising reasonable diligence, could have raised but did not,' " "a voluntary dismissal with prejudice acts as res judicata with respect to all claims that could have been raised in the first action." *Id*. at 396.

---

[8] It is well-established that " 'a court speaks through its written orders and judgments, not through its oral pronouncements.' " *Cassidy v Cassidy*, 318 Mich App 463, 509; 899 NW2d 65 (2017), quoting *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009).  In addition to no order being entered, Henry has failed to come forward with any evidence that such an order was ever orally granted.  "When reviewing a motion for summary disposition, this Court's review is limited to review of the evidence properly presented to the trial court." *Barnard Mfg Co, Inc*, 285 Mich App at 380.  Further, MCR 2.116(G)(6) provides:

> Affidavits, depositions, admissions, and documentary evidence offered in support of or in opposition to a motion based on subrule (C)(1)—(7) or (10) shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion.

In this case, given that there is no evidence that a written order setting aside the September 10, 2012 order was presented to the trial court, we cannot assume that such evidence exists based solely on unsupported assumptions made by the trial court at a hearing held years later.  Further, speculation by the trial court that it "thought" and "believed" that it set aside the order is not the type of admissible evidence that a party opposing summary disposition must come forward with in order to survive summary disposition.  MCR 2.116(G)(6).

Therefore, on this record, the September 10, 2012 order was a judgment on the merits, between the same parties, involving the same transaction that is involved in the 2015 lawsuit. Further, through the exercise of due diligence, Henry could have brought her uninsured motorist claim against State Farm in the first lawsuit. Because all the elements for res judicata are plainly satisfied under the facts of this case, we conclude that the trial court erred by denying State Farm's motion for summary disposition under MCR 2.116(C)(7).

Moreover, assuming *arguendo*, that the trial court did set aside the September 10, 2012 order, we conclude that the court's decision to do so was an abuse of discretion.[9] MCR 2.612 governs motions for relief from judgment. It provides:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

> (a) Mistake, inadvertence, surprise, or excusable neglect.

> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

> (d) The judgment is void.

> (e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

> (f) Any other reason justifying relief from the operation of the judgment.

Here, Henry moved to reinstate the first 2012 lawsuit, arguing that reinstatement was proper because of mutual mistake. Accordingly, it appears that Henry moved to set aside the September 10, 2012 dismissal under MCR 2.612(C)(a). MCR 2.612(B)(2) provides that a motion to set aside an order "must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken." In this case, because the motion was for the grounds stated in subrule (C)(1)(a), Henry only had one year following the entry of the September 10, 2012 order, but she did not file her motion until February 2014, which is well over a year after the September 2012 order was entered. Henry also did not offer any explanation for why the motion was untimely.

---

[9] See *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 404; 651 NW2d 756 (2002) ("A trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion.").

This Court has previously recognized that one of the policy purposes behind the time limitations in MCR 2.612(C) is to preserve the finality of judgments. See *Nederlander v Nederlander*, 205 Mich App 123, 126; 517 NW2d 768 (1994). Here, although Henry offers no explanation for why her motion to reinstate was untimely, the trial court made comments when addressing this issue in 2015 suggesting that the case may have simply fallen through the cracks because Henry's lawyer was part of a "volume" law firm. A case "falling through the cracks" because the lawyer prosecuting it is busy with other cases is not a sufficient reason to grant an untimely motion to set aside a court order. Accordingly, even if we were to reach this issue, we would conclude that the trial court abused its discretion by reinstating the lawsuit.

## III. MOOTNESS

Henry argues that the trial court erred by granting summary disposition under MCR 2.116(C)(10) because it misinterpreted the relevant insurance policies. However, our resolution of the cross-appeal renders this issue moot. "An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief." *Mich Nat'l Bank v St Paul Fire & Marine Ins Co*, 223 Mich App 19, 21; 566 NW2d 7 (1997). Here, even if the trial court erred by granting State Farm summary disposition under MCR 2.116(C)(10), State Farm is still entitled to summary disposition under MCR 2.116(C)(7). Thus, our decision on the cross-appeal has rendered moot Henry's arguments on appeal, and we decline to address it.

Finally, although the trial court erred by denying State Farm's motion for summary disposition under MCR 2.116(C)(7), because it ultimately reached the correct conclusion by dismissing State Farm with prejudice, we affirm its decision granting summary disposition in State Farm's favor under MCR 2.116(C)(10) despite not reaching the merits of that decision. See *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) (stating that this Court will generally affirm a trial court's decision when it reached the correct result even if it reached it for the wrong reason).

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Mark T. Boonstra

-8-